[No. 11588.   Department One. — May 25, 1889.]

HENRY MAHAN, Respondent, v. GUY M. WOOD, Appellant.

Law of the Case — Order Granting New Trial — Appeal — Review of Conflicting Evidence. — Where the facts found on a second appeal are the same as on a former appeal, the principles and rules announced by the appellate court on the first appeal will be recognized as the law of the case; but where the court below has set aside its findings, and granted a new trial upon conflicting evidence, the appellate court cannot say what the facts are without usurping the functions of the trial court, of whose judgment upon the evidence as to the facts the parties are entitled to the benefit; and in such case the rule will be applied that where the evidence is conflicting, an order granting a new trial will be affirmed.

Appeal from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow*, for Appellant.

*Edward J. Pringle, T. B. Bishop*, and *W. H. Fifield*, for Respondent.

Paterson, J. — This is an action on a promissory note made and delivered by the defendant to plaintiff March 19, 1869, for the sum of three thousand three hundred dollars and interest. The defense is failure of consideration. The case was here several years ago (44 Cal. 462), and the chief question is, To what extent does the decision on the former appeal control the case as it is now presented?

The case is before us now on appeal from an order *granting* a new trial.

Appellant contends that the facts as they appeared on the former appeal, and as they appear on this appeal, are substantially the same, and for this reason the court below was bound, as a matter of law, to refuse a new trial. There is no doubt that where the facts are the same as

on a former appeal, the principles and rules announced by the court will be recognized on a subsequent appeal as the law of the case. And if the case were before us now on appeal from the last judgment of the court below, which was in favor of the defendant, we should doubtless affirm the judgment,—unless some error in the admission or exclusion of evidence necessitated a new trial,—because the facts found are substantially the same as the facts shown by the record when the case was here before; but where the court has set aside its findings of fact, and granted a new trial, can we say *what the facts are* without usurping the functions of the trial court ? Conceding that the evidence in the transcript before us reads word for word with that in the transcript which was before the court on the former appeal, can we say, unless the evidence is without conflict, that the *facts* are the same? If the evidence is conflicting, one judge might deduce a certain state of facts from it, and another judge an entirely different state of facts. We are of opinion that the parties are entitled to the benefit of the judgment of the court below upon the evidence as to the facts of the case. As the court has set aside its findings, we do not know what view it takes of the evidence.

But it is claimed, also, by appellant that there is no substantial conflict of testimony in the case; that the failure of consideration for the note was so fully established that the court could not do otherwise than decide as it did in the first instance, and as shown by the findings of fact. We cannot say, however, that there is no substantial conflict in the evidence. The testimony of the plaintiff tends to show that he requested the defendant to subscribe for some stock, and the defendant objecting that he had no money on hand, he (plaintiff), to induce defendant to subscribe, agreed that he would pay the first ten installments of the subscription price of the stock if the defendant would give him his note for three

thousand three hundred dollars, and that the note was given to plaintiff in consideration of plaintiff's agreement to pay said installments; while the defendant's testimony tends to show that plaintiff sold him thirty shares of the capital stock, and that the note was given for the purchase-money. The court below has not informed us as to the ground upon which the motion for a new trial was granted, but every presumption is in favor of the order, and the rule applicable to orders granting new trials, where the evidence is conflicting, is so well known it is unnecessary to state it.

The order is affirmed.

McFarland, J., and Beatty, C. J., concurred.