GREENBERG v. CALIFORNIA BITUMINOUS ROCK COMPANY (JOHNSON, Intervener).

No. 19,146; May 26, 1893.

33 Pac. 192.

**Vendor's Lien—Action to Foreclose—Intervention.**—In an action to foreclose a vendor's lien, a third party intervened, and asked a foreclosure of an interest claimed by him. Plaintiff denied the allegations of intervener's complaint, and thereupon dismissed his action. Defendant made default. Held, that a decree finding intervener had the interest claimed, but denying him a foreclosure as to such interest, was erroneous.[1]

APPEAL from Superior Court, San Luis Obispo County; V. A. Gregg, Judge.

Action by Meyer Greenberg against the California Bituminous Rock Company to recover the price of, and enforce a vendor's lien on, certain land, in which C. B. Johnson inter-

---

[1] Cited as an element in the history of the case in Greenberg v. Cal. Bituminous Rock Co., 107 Cal. 674, 40 Pac. 1055, which was a second appeal, and denied as authority there on an issue affected by amendments of pleadings required by the decision on the first appeal.

vened, and claimed an interest. Plaintiff answered intervener's complaint, and thereupon dismissed his action, while defendant made default. From the judgment entered, and from an order denying a new trial, intervener appeals. Reversed.

Luis Laney for plaintiff; T. C. Van Ness for intervener; Graves & Graves for respondent.

SEARLS, C.—This is an appeal from a final judgment, and from an order denying a new trial. The action was brought to recover $25,000, the purchase price of certain land conveyed by the plaintiff to the defendant, and to enforce a vendor's lien upon the land conveyed. C. B. Johnson, the intervener, filed his complaint of intervention, in which he set out that the plaintiff held the property in part as a trustee for intervener and one L. M. Warden; that the interest of intervener was a one-fourth share or interest therein. He denies, on information and belief, that the purchase price of the land was $25,000, but avers that defendant (a corporation), as the consideration for the sale of the land, was to deliver twelve hundred and fifty shares of the capital stock of the corporation defendant (being the whole capital stock), as follows: three hundred shares each to plaintiff, Warden, intervener, and Underhill, and fifty shares to Ernest Graves; that defendant never delivered any of the shares or other consideration; and that no security was given. Intervener prays that, if it shall appear that the sum of $25,000 shall appear to have been the consideration, a decree in favor of plaintiff be entered as prayed for in the complaint; that, if it shall appear that the stock was to be delivered, a decree of foreclosure be entered in favor of plaintiff in consonance with the facts stated in the complaint of intervention; and that in either case intervener's interest in the judgment be established to the extent of his interest in the land, etc. The complaint of intervention was served upon the plaintiff and defendant, the latter of whom made default. Plaintiff denied all the allegations of the complaint, and thereupon dismissed his action. The cause was tried by the court, and written findings filed upon which judgment was entered, whereby it was decreed that, at the date of the sale of the land to defendant,

plaintiff held one-quarter of the property in trust for intervener, and that the latter, upon the payment of one-third of the amount due on a promissory note for $2,937.50, executed by plaintiff, Greenberg, L. M. Warden, and the intervener, as found in the findings, will be entitled to have issued to him by defendant three hundred shares of the capital stock of the defendant corporation.

The judgment and order appealed from are erroneous, in this: The defendant being in default, intervener was entitled to a decree of foreclosure, as prayed for against it. Whether the stock was to be delivered only upon the payment of the promissory note as found by the court was not an issue as between intervener and defendant, and, as the plaintiff did not set it up as against intervener, it is hard to see how it had any place in the evidence. The case is a peculiar one in some respects, and the pleadings should be so amended as to make plaintiff, who dismissed his case, a defendant, or by such further statements as, in the light of the proceedings and affidavits on file, will enable the court below to glean all the facts, and do complete justice to all the parties. The judgment and order appealed from should be reversed, and a new trial had, with leave to the parties intervener and plaintiff to amend their pleadings as they may be advised.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered, with leave to the parties intervener and plaintiff to amend their pleadings as they may be advised.