[No. 19581.   Department Two.—July 3, 1895.]

MEYER GREENBERG, RESPONDENT, v. CALIFORNIA BITUMINOUS ROCK COMPANY, DEFENDANT AND RESPONDENT. C. E. JOHNSON, INTERVENOR, APPELLANT.

CORPORATIONS—SALE OF LAND FOR STOCK—DEFAULT—NOTE OF VENDORS FOR ORIGINAL PURCHASE PRICE—PAYMENT—DEMAND FOR DELIVERY OF STOCK.—Where land was sold to a corporation by persons who agreed to accept in payment therefor a specified number of shares of the stock of the corporation, to be issued separately to each one of the vendors after payment of an unpaid note executed by the vendors to a third party for part of the original purchase price of the property, the corporation could not be put in default for nondelivery of the stock under the agreement until payment of the note, and notice thereof to the corporation, with a demand for the delivery of the stock; and, if a subsequent agreement is made that the corporation should assume the payment of the note as part of the consideration for the purchase of the land, no day being fixed for delivery of the stock, a demand for its delivery is necessary.

ID.—TIME FOR PERFORMANCE OF CONTRACT—DELIVERY—DEMAND.—If a contract specifies no time for performance the law implies that it must be performed within a reasonable time; and, if it specifies a place in

which articles are to be delivered, but not a time, they are deliverable on demand.

ID.—VALUE OF STOCK—VENDOR'S LIEN—DELAY IN DEMANDING STOCK.—By agreeing to accept a definite number of shares of stock in payment for the land conveyed to the corporation the vendors assented that the stock to be delivered was approximately of the value of the land; and they cannot, by leaving the stock unissued in the hands of the corporation, which was always ready and willing to issue and deliver it, elect to take the stock if it proves valuable, or to escape liability as stockholders by refusing to take it, upon the ground that the stock was not of the value contracted for, and hold the land as security for its alleged value by proceeding to foreclose a vendor's lien for the original value of the land.

APPEAL—LAW OF CASE—AMENDMENT OF PLEADINGS—NEW EVIDENCE.— The decision of the court upon a former appeal is not the law of the case upon a second appeal, where leave is given to the parties to amend their pleadings, and the issues as well as the evidence are different upon the second appeal from what they were upon the first appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion.

*Van Ness & Redman,* for Appellants.

*Graves & Graves, Luis Lamy,* and *E. P. Cole,* for Respondent.

HAYNES, C.—The plaintiff, and the intervenor, and one L. M. Warden purchased certain lands, the title to which was conveyed to plaintiff, who executed a declaration of trust admitting that Johnson owned an undivided one-fourth thereof.

These parties sold said lands to the California Bituminous Rock Company, a corporation, and, as alleged by appellant, agreed to accept in payment therefor 1,250 shares of the stock of said corporation of the approximate value of said real property, which value was alleged to have been, at the time of the sale, $25,000.

Said 1,250 shares was the entire capital stock of the corporation, and was to be issued and delivered in the following proportions: To Warden, Johnson, Greenberg, and Underhill each 300 shares—the latter taking one-half of Warden's interest—and to one Ernest Graves 50 shares.

Although the whole legal title was in Greenberg, Warden and Johnson joined in the conveyance to the corporation, and this sale and conveyance was made July 24, 1888.

Said stock not having been issued and delivered, Greenberg, in January, 1891, commenced an action against the corporation to foreclose an alleged vendor's lien, alleging a sale for the sum of $25,000, payable on demand, and that no part of the purchase money had been paid. The corporation answered January 29, 1891, the answer consisting of a general denial. Johnson, the appellant here, filed a complaint in intervention, denying that the sale was made for money, and alleging the sale for stock, and the interest of the several persons as hereinbefore stated, and further alleged as follows: "That neither said shares of stock of the approximate value of said lands, or of any value whatever, or any shares at all, were ever issued and delivered as agreed, or at all, and said corporation has never paid any consideration whatever to this intervenor, nor to the said Greenberg, his said trustee, for said property, nor has any security, note, or other obligation ever been given therefor by said corporation"; and his prayer was that if the terms of sale were as alleged in the complaint the plaintiff should have the relief prayed for by him in his complaint, but that in case it should be found that the consideration of the sale was as alleged by him, said intervenor, then that the decree of foreclosure be rendered in favor of the plaintiff in accordance with the facts alleged by said intervenor, and in either case that his interest be established and protected.

The plaintiff and defendant each answered the complaint in intervention, and after a general denial further answered, in effect stating the terms of sale to have been as alleged by the intervenor, but further alleging that at the time of sale it was understood and agreed by all the parties thereto that said stock should not be issued and delivered until a certain note for the sum of $2,937.50, executed by said Greenberg, Warden, and Johnson to one

Jack—and which appears to have been given by said parties as part of the original purchase price of said property —should be paid; that said intervenor had never paid or offered to pay his proportion of said note, or requested the issuance of the stock to which he was entitled, and further alleging that the corporation defendant was and always had been ready and willing to issue and deliver to the intervenor the number of shares of said stock agreed to be issued to him.

The court found the terms of the sale to the corporation to have been for stock, as alleged by the intervenor, that the stock was not to be issued until said note was paid, that the intervenor had never paid or offered to pay his part of said note, but that said note was paid by Greenberg on October 31, 1888, amounting, with interest, to $3,191.12; that the title and ownership of said lands, ever since said conveyance, has been and still is in said corporation; that said corporation is and always had been ready and willing to issue to the intervenor the number of shares to which he is entitled, but that said intervenor had never demanded or requested that said stock should be issued or delivered to him; and upon these findings entered judgment that said corporation, defendant in the action, issue to the intervenor 300 shares of said capital stock. No judgment was rendered in favor of the plaintiff, he having dismissed his action. Said intervenor, C. B. Johnson, appeals from said judgment requiring said corporation to issue to him said stock and from an order denying his motion for a new trial.

Appellant's first specification is that the third finding is not justified by the evidence, because the evidence does not show an agreement that the stock should not be delivered until said note should be paid; but, on the contrary, it is claimed that the evidence shows that the corporation assumed its payment.

There was direct oral evidence of the agreement, as stated in the finding; and, as against that statement, there was put in evidence a resolution passed by the

corporation after the conveyance was made, by which
it was resolved that the corporation assume the pay-
ment of said note as part of the consideration to be
paid for the land.   The resolution, which was adopted
*after* the agreement of sale and conveyance were made,
did not affect the correctness of the finding.   If it had
any effect upon any issue in the case the additional fact
should have been found that the payment of the note
was afterward assumed by the corporation.   The only
bearing the agreement concerning the payment of said
note has in this case relates to the time at which the
stock of the corporation should be issued and delivered
to the intervenor.   If, as the court found, the stock was
not to be delivered until the note was paid by the grant-
ors, who were also the makers of the note, the time of
delivery was dependent upon their act, and not upon
any act of the corporation; and, in such case, the cor-
poration could not be put in default for the nondelivery
of the stock until payment of the note and a demand
for the delivery of the stock, accompanied by notice of
such payment, had been made; whilst, if the contention
of appellant is sound, viz., that the agreement was that
the note should be paid by the corporation, no day was
fixed for the delivery of the stock, and in such case a
demand for its delivery was necessary.

Upon this point the rule is stated in Parsons on Con-
tracts, volume 2, eighth edition, star page 661, as fol-
lows: " If the contract specifies no time the law implies
that it shall be performed within a reasonable time, and
will not permit this implication to be rebutted by extrin-
sic testimony going to fix a definite term, because this
varies the contract.   What is a reasonable time is a
question of law.   And, if the contract specify a place in
which articles shall be delivered, but not a time, this
means that they are deliverable on demand."

Since, therefore, a demand was necessary in either
case, if the finding assailed was not justified by the
evidence, appellant is not prejudiced, because the effect

upon him would have been the same if the fact had been found according to his contention.

I have considered this question at greater length than would appear to be necessary, because of its bearing upon another point made by appellant, which is involved in his exception to the seventh finding, and also in his specifications of errors of law, and which may be broadly stated thus, viz: That the vendors were to receive from the corporation its capital stock, being 1,250 shares, of the value, approximately, of the land, which value is alleged to have been, at the time of the sale, $25,000.

Upon the trial appellant was permitted to show, without objection, that, at the time of the trial and for about three years theretofore, the stock of the corporation had no value; that the judgment, therefore, gives him nothing; that is, it gives him 300 shares which have no value, whilst he was entitled to 300 shares of the approximate value of his interest in the land at the time of the sale; and, as it was not in the power of the corporation to give him stock of that value, that he should have had judgment foreclosing his lien for $6,250 upon an undivided one-fourth of the land conveyed to the corporation.

This contention cannot be sustained. By agreeing to accept a definite number of the shares of stock in payment of the land conveyed, the vendors assented that the stock so agreed to be received was, approximately, of the value of the land. The 1,250 shares which constituted the entire capital stock of the corporation, assuming that the corporation had no other property or assets than the land so conveyed to it, was of the same value as the land, since it represented it. If the corporation then owned other property or assets, the value of the stock exceeded the value of the land so conveyed. If the stock had then been issued and tendered, the vendors could not have questioned its value, and they are in no better situation now; nor is there any evidence that the stock had depreciated at the time said note was

paid, which was about three months after the convey-
ance.    If appellant's contention that the corporation
assumed the payment of said note be sound, he had a
right to demand and receive his stock at once, since the
requirement that the vendors should pay their note
given for part of the purchase money of the land before
the stock should be delivered could only have been
intended to secure the corporation against a vendor's
lien.    Appellant did not allege in his complaint that he
ever demanded his stock, or that the corporation ever
refused to deliver it; while the corporation alleged in
its answer, and the court found, that no demand for
the stock was made by appellant, and that the corpora-
tion was, at all times, ready and willing to issue and
deliver it to him.    The corporation did not guarantee
that the stock should always have a value equal to the
then actual or estimated value of the land, or that, if the
stock should decline in value, they should be paid in
money, or have a vendor's lien as for a money consid-
eration.    It certainly could not have been the intention
that these parties should sell their land to the corpora-
tion for a definite number of shares of its capital stock,
and that they might leave their stock unissued in the
hands of the corporation, so that if the corporation was
prosperous, and its stock valuable, that they would then
take it; but if the corporation became involved they
might possibly escape liability as stockholders by re-
fusing to take it upon the ground that the stock was not
of the value they contracted for, but hold the land as
security for its alleged value by a proceeding to fore-
close a vendor's lien.    What appellant's remedy would
have been if he had demanded the stock, and the corpo-
ration had refused to issue it, need not be considered,
as that question is not involved.

This, however, is a second appeal, and appellant
insists that the law of the case, as declared on the
former appeal, required the judgment to be for the fore-
closure of his vendor's lien, as hereinbefore stated.

The issues, as well as the evidence, were different

upon the first trial. The plaintiff, Greenberg, filed an answer consisting of a general denial, and the corporation made default. The judgment there was that the corporation issue to the intervenor 300 shares of its capital stock upon payment by the intervenor of his proportion of said note.

As there was no issue upon said note, nor any mention of it in the pleadings, it was held that the intervenor was entitled to judgment against the defendant upon its default as prayed for. (See *Greenberg* v. *California etc. Rock Co.*, 33 Pac. Rep. 192, not reported in California Reports.)

The judgment having been reversed upon the first appeal, with leave to the intervenor and plaintiff to amend their pleadings, said intervenor amended his complaint, and the defendant then came in and answered, alleging, among other things, that it had always been ready and willing to issue and deliver the stock, but that appellant had never requested it to be issued, and these issues were found in favor of defendant. It is therefore obvious that the former decision could not be the law of the case upon the second trial.

The judgment and order appealed from should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.