[L. A. No. 981.   Department Two.—January 13, 1902.]

## NATIONAL CYCLE MANUFACTURING COMPANY, Respondent, v. SAN DIEGO CYCLE COMPANY et al., Appellants.

ACCOUNT STATED—IMPLIED PROMISE—WRITTEN CONTRACT—STATUTE OF LIMITATIONS.—An account stated in writing does not, by mere acquiescence of the debtor therein, raising an implied promise to pay the amount, become a contract in writing by the debtor within the statute of limitations.

ID.—ACCOUNT STATED NOT SHOWN—DISTINCT DEBTS OF INDIVIDUAL AND COPARTNERSHIP—SETTLEMENT BETWEEN DEFENDANTS—TRANSFER OF ASSETS.—Where an individual defendant and a copartnership defendant had separate dealings with the plaintiff and owed him distinct debts, and upon settlement of the copartnership of which the individual debtor was a member, he turned over to his copartner, a corporation defendant, all of the partnership assets, and certain individual assets, and they adjusted between them · the total amount due to the plaintiff, and the corporation, without assuming his individual liability, agreed to pay to the plaintiff the proceeds of the assets when collected, the rendition of the individual and copartnership accounts, in a statement delivered to the corporation defendant, did not, by failure of the corporation to object thereto, constitute it an account stated in favor of the plaintiff against the corporation, nor render it personally liable to pay the individual debt.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Ballard, Judge.

The facts are stated in the opinion of the court. ·

Hendrick & Wright, for Appellants.

Withington & Carter, for Respondent.

TEMPLE, J.—The first count in the complaint is to recover a balance alleged to be due on an account. The second is for money had and received. In the third count it is charged that the defendants, other than the San Diego Cycle Company, promised in writing to pay the amount due plaintiff upon the accounts alluded to and described in the first two counts.

Percy Easton did not answer. The other two defendants answered, denying any indebtedness, and also pleaded the statute of limitations. They show that Percy Easton and Todd & Hawley entered into a contract to deal in bicycles, under the name of the San Diego Cycle Company. Todd & Hawley was a corporation, the name of which was afterwards changed to the Hawley Hardware Company. By the terms of the agreement each party to it—that is, Percy Easton on one part, and the corporation on the other—could furnish wheels to be sold by the partnership, if such it was. The profits made upon the sale of such wheels would belong to the partnership, but the party furnishing the wheels was to be held for the price, and was, of course, to receive that much of the proceeds of sale. It was expressly agreed that the partnership was not to be responsible for the purchase price. Apparently, each partner had been the agent of one or more firms of manufacturers, and the expectation was, that they would continue to hold such agencies individually, and the combine was simply for the purpose of making sales. Easton was agent for the plaintiff, and after the partnership continued to buy goods from plaintiff in his own name. Defendants admit, however, that between the twenty-third day of February, 1895, and the twenty-seventh day of May, of the same year, the partnership purchased from plaintiff goods to the extent of $1,119.84, which it claims to have paid for. It denies purchasing any other goods from plaintiff. If other goods were purchased, its contention is, that such purchase was by Percy Easton, and that he alone is responsible. It also pleaded the statute of limitations to the entire demand.

The complaint avers that all the goods were sold and delivered to the partnership, but the court finds that in 1894 the plaintiff sold and delivered to Percy Easton goods to the amount of $5,137.50, and on and after October, 1894, up to the twenty-second day of May, 1895, to the partnership, goods of the value of $1,320.84. It was also found that on the first day of June, 1895, Percy Easton turned over to Todd & Hawley certain contracts, liens, and promissory notes, payable to Percy Easton, together with the "entire assets of the said San Diego Cycle Company and Percy Easton, to collect, so far as possible, said notes and contracts so delivered as aforesaid, and to apply the amounts so collected on the indebtedness of the said San

Diego Cycle Company and said Percy Easton to the plaintiff''; and this Todd & Hawley agreed to do.

It was further found that ''Todd & Hawley has collected said notes, contracts, so far as it was and is possible to collect thereon, and paid the sum to the plaintiff on said indebtedness of said San Diego Cycle Company and said Percy Easton.''

The court then proceeds to find that an accounting was had and a statement rendered ''between the defendants the San Diego Cycle Company and Percy Easton, and it was then and there agreed by the said San Diego Cycle Company and said Todd & Hawley that said account and statement as then made and rendered was true and correct,'' and that there was then due plaintiff $2,170.83, which sum the said Todd & Hawley then and there agreed in writing to pay plaintiff.

This finding is challenged on the motion for a new trial, as not justified by the evidence. There is no evidence that Todd & Hawley promised in writing to pay the debt, and it is not claimed that there was. The finding is treated as a finding to the effect that there was an account stated between plaintiff and the defendants. The finding does not so state. If there was an account stated, it is found to be between Percy Easton and the other defendants, which was impossible, as Percy Easton had no account of this nature against the other defendants, and did not claim that they owed him anything, or were bound to pay his debt to plaintiff.

But had it been an account stated between plaintiff and defendants, becoming an account stated through failure to object to it after its receipt, there would still be no promise in writing to pay. In such a case the person receiving the account is deemed to acquiesce in its correctness, and the law implies from such acquiescence a promise to pay it. It would be absurd to hold that this implied promise must be deemed to be in writing.

The bill of exceptions fails to show an account stated in favor of plaintiff, and against the corporation, Todd & Hawley. The statement is, that on the 18th of June, 1895, the plaintiff sent to the San Diego Cycle Company statements of 1894 and 1895 accounts, which statements were duly received by said Todd & Hawley, showing the amount due plaintiff. Nothing further appears as to the contents of this

statement.   Probably it was correct, and showed, as it ought
to have shown, how much of the amount was due from Easton
and how much from the partnership.   But it did not, and if
it had been stated as a debt due from the firm, the corporation
defendant, Todd & Hawley, could not by failing to object
become liable for the debt of Percy Easton.

This statement was sent after the partnership had ceased
to do business, and its assets were turned over to Todd & Haw-
ley, and it had agreed to pay all collected to the plaintiff,
as it has.   All this the plaintiff knew.   It was natural for
plaintiff to transmit to the assignee the amount of its claim.
As Todd & Hawley knew, or supposed it knew, that plaintiff
recognized the debt due from Easton as his personal liability,
and as not constituting a demand against it, it had no occasion
to object to the form in which the account was made out.   The
court found that Easton contracted with plaintiff only for
himself, and on his individual responsibility.   And such was
plainly the fact.   The testimony of plaintiff's agent, Jones,
shows this, and, taken in connection with his testimony, the
telegram sent by him to plaintiff also shows it.   The burning
question was whether Todd & Hawley would assume Easton's
debts.   Todd & Hawley, answering plaintiff's demands for
money, always with apparent care, limits its promises to remit
the amount collected.

As to the statute of limitations, as the case appears in the
record, the plea seems to be good as to the whole demand.   Of
course, a different case may be made on a retrial.

As to the question raised in regard to the appropriation of
payments, it becomes immaterial in view of the conclusion
reached.   No one would contend that a creditor receiving pay-
ment from one debtor was at liberty to apply the money upon
a debt due from another.

The judgment and order are reversed and new trial
awarded.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.