[L. A. No. 3495.  Department Two.—November 4, 1915.]

ERNEST V. COWELL (A. E. MORRISON and ALICE M. COWELL, as Executor and Executrix of the Will of Ernest V. Cowell, Deceased, Substituted), SAMUEL H. COWELL, ISABELLA M. COWELL, and HELEN E. COWELL, Respondents, v. FERD SNYDER and FERD SNYDER, Jr., etc., Appellants.

ACCOUNT STATED—NOT A WRITTEN CONTRACT—NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS.—An account stated arising out of the rendering of an account to the debtor and his assent thereto by conduct does not constitute a written contract but does create a new cause of action, against which the statute of limitations commences to run from the time of agreement that the statement of account is correct.

ID.—AMENDED COMPLAINT—IDENTICAL TRANSACTION ORIGINALLY PLEADED—STATUTE OF LIMITATIONS.—Where an account stated arises out of the identical transactions pleaded in the original complaint, an amendment to the complaint alleging the account stated is not subject to the bar of the statute of limitations if the original complaint was filed before the statute of limitations had become a bar, because the action itself must be deemed to have been commenced when the original complaint was filed.

ID.—FINDING SUPPORTED BY EVIDENCE.—A finding of an account stated is supported by evidence that defendants made no objection to an account and letter sent them, and that they wrote a letter to plaintiffs promising to pay them money which would be due only on the theory that the account was correct, although before receiving the account they had complained that the rates to be charged would be ruinous, but did not object to the account as rendered.

LANDLORD AND TENANT—PRESUMPTION FROM HOLDING OVER—DISPUTABLE BY CIRCUMSTANCES.—The presumption under subdivision 2 of section 1161 of the Code of Civil Procedure that the holding over

after the expiration of the lease continued it in force for another year, may be rebutted by circumstances showing an acquiescence in increased payments to be made by the tenant and demanded by the owner.

LAW OF THE CASE—APPLICABLE TO LAW ON RETRIAL—WHEN NOT APPLIED.—The doctrine of the law of the case refers only to principles of law announced by the court as applicable to a retrial of facts, but does not embrace the facts themselves, and does not apply to a case in which the judgment was reversed as a whole, the case retried upon amended pleading, and the evidence at the two trials was not identical. .

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. E. T. Zook, Judge. ˙

The facts are stated in the opinion of the court.

Leonard B. Slosson, for Appellants.

Olney & Mannon, Page, McCutchen, Knight & Olney, Ward Chapman, and J. M. Mannon, Jr., for Respondents.

MELVIN, J.—Plaintiffs sued to recover for the rent of certain agricultural land and for the price of certain rock quarried upon the premises and used in the manufacture of lime. Judgment was given in favor of plaintiffs and defendants prosecute appeals from said judgment and from an order denying their motion for a new trial.

After the action was first tried the plaintiffs successfully appealed therefrom, the case being reported in 15 Cal. App. 634, [115 Pac. 961]. As some of the issues involved in the litigation are fully set forth there, we need not restate them with elaboration here. The original contract of lease provided for a rental of three hundred dollars for the use of the agricultural land for the year ending December 1, 1905, and for the additional payment by defendants of five cents per barrel for all lime manufactured from the rock quarried on the property. The defendants were in possession for three years, and one of the litigated questions was whether or not they had agreed to pay five hundred dollars a year rental for the farming area and ten cents a barrel for lime produced during the second and third years. At the first trial the court found and gave judgment in accordance with

the contention of defendants that their rent and the charge
for quarrying had not been increased by implied agreement,
and the appellate court decided that, under the pleadings
and proof then before that tribunal, that part of the judg-
ment was proper; but the judgment and the order denying
a new trial were reversed because of error on the part of the
superior court in allowing too great a sum for lime furnished
under contract by defendants to plaintiffs.

Upon the second trial defendants amended their counter-
claim to meet the views of the district court of appeal and
the cause was tried again, but before judgment was rendered
plaintiffs were permitted to file an amended and supplemen-
tal complaint, to which, after their demurrer was overruled,
defendants made answer. The defendants offered no objec-
tion to the supplemental features of the amended complaint,
which consisted of allegations of the death of one of the plain-
tiffs after the commencement of the action and the due ap-
pointment of an executor and an executrix of his will; nor
did they protest against the repleading of the original cause
of action, but they contended below and insist here that
serious error was committed in allowing their opponents to
allege the existence of an account stated.

In giving judgment for plaintiffs the court found that
except for the stated account, defendants did not acquiesce
in the increased rental and charge for rock for the year com-
mencing December 1, 1905, but did agree to such increases
for the following year. The existence of an account stated
was found, defendants were allowed credit for the amount
of their counterclaim, and judgment was given in favor of
plaintiffs for the balance, amounting to something more than
three thousand dollars. The important part of the finding
regarding the account stated was as follows:

"That on or about January 31, 1907, the plaintiffs ren-
dered and delivered unto the defendants an account in writ-
ing showing in full all indebtedness owing to plaintiffs by
defendants, and all moneys owing by plaintiffs to defendants
on any account whatever up to January first, 1907. Said
account showed that the rent of the said land from December
1, 1905, to December 1, 1906, was $500; that the rent of the
said land from December 1, 1906, to December 1, 1907, was
$500; that the compensation claimed by the plaintiffs for
the lime rock quarried on the said land by defendants after

December 1, 1905, was ten cents per barrel for each barrel of lime burned therefrom.'' After setting forth the details of the statement rendered by plaintiffs the finding contains the following language:

"That none of said defendants have ever at any time objected to the said account, or questioned its sufficiency in any way, or evinced any unwillingness to be bound thereby, but, on the contrary, the defendants, and both of them, have agreed and consented to the said account and to be bound thereby. That said account has become, and now is, a stated account, and all the parties hereto are bound thereby.''

We will first examine the contention of defendants that the court erred in permitting the amendment by which plaintiffs were allowed to plead an account stated. Defendants demurred to the second cause of action set up in the amended and supplemental complaint on the ground that it was barred by the statute of limitations. It is contended that since an account stated constitutes a new cause of action, the statute of limitations begins to run against it as soon as the new promise to pay is made. Conceding that defendants by their acquiescence agreed to pay the balance exhibited by the written statement of January 31, 1907, their agreement, says counsel for defendants, was not in writing, and was therefore barred after the lapse of two years. As many more than two years had elapsed between the rendering of the account and the pleading of it by plaintiffs as an account stated, defendants insist that the overruling of their demurrer was erroneous. Undoubtedly an account stated and mutually accepted by the parties does give rise to a new cause of action, and the statute of limitations on that cause of action begins to run not as of the date of the items of account but from the time of the agreement that the statement is correct. (See *Baird* v. *Crank,* 98 Cal. 293, 298, [33 Pac. 63], and cases there cited.) The acceptance of a written statement of account by acquiescence therein on the part of the person sought to be charged does not constitute a written contract. (*National Cycle Mfg. Co.* v. *San Diego Cycle Co.,* 135 Cal. 337, [67 Pac. 280].) But the account stated arose out of the identical transactions pleaded in the original complaint, and it has repeatedly been decided that such an amendment as was here allowed is permissible, and is not subject to the bar of the statute of limitations. Thus in

*Union Lumber Co.* v. *J. W. Schouten & Co.,* 25 Cal. App. 82, [142 Pac. 910], the original action was for goods sold and delivered. Subsequently the court permitted an amended pleading setting up an additional cause of action on an account stated. Exactly the same objections were raised in that case as those which were put forward here—namely, that the court erred in permitting the amendment setting up an entirely new cause of action and also in failing to sustain the plea of the statute of limitations, but the court overruled both objections, Mr. Justice Kerrigan, who delivered the opinion, saying that as both complaints were for the recovery of the price of the same commodity, "the action itself, irrespective of the theory on which the right to recover is based, must be regarded as having been commenced when the original complaint was filed." In further support of this doctrine may be cited *Bogart* v. *Crosby & Van Haren,* 91 Cal. 278, 281, [27 Pac. 603]; *Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 188, 194, [128 Pac. 330]; *Rauer's Law etc. Co.* v. *Leffingwell,* 11 Cal. App. 495, [105 Pac. 427]; *Mackroth* v. *Sladky,* 27 Cal. App. 112, [148 Pac. 978]; *Turner & Dahnken* v. *Bauer,* 28 Cal. App. 311, [152 Pac. 308]. In the last three cases of the foregoing list this court denied petitions for hearing here.

Appellants attack the court's conclusions regarding the account stated as being unsupported by the evidence. The statement upon which plaintiffs rely consisted of a letter and an account sent to the defendants more than sixty days after the commencement of the third year of the occupancy of the premises by the Snyders. Defendants are of the opinion that, there having been constant bickering and much correspondence between the Cowells and the Snyders, in which the former demanded increased rates and the latter insisted upon the original ones for rent and for rock quarried, there could be no proper finding of acquiescence in the account merely because no formal protest was made against its terms. In this behalf two cases are cited which do sustain the position that, where liability had been long and persistently denied, the failure of a person to object to the correctness of a statement of account sent to him does not imply a promise to pay or convert the transaction into an account stated. (*Columbia River Packing Co.* v. *Tallant,* 133 Fed. 990; *Edwards* v. *Hoeffinghoff,* 38 Fed. 635, 645.) It is undoubtedly the

fact that before and after the sending by the plaintiffs of the account in January, 1907, plaintiffs demanded the increased rates and defendant expressed unwillingness to comply with such demands, and if the finding here attacked depended solely ·upon the failure of defendants to interpose a formal objection to the written demand of plaintiffs, we would probably say that the evidence was insufficient to support the court's decision upon this subject. At the trial it was stipulated that the witness George, if present in court, would testify that neither of the defendants ever made any objection to the statements introduced in evidence (meaning the account and the accompanying letter). Opposed to this were numerous letters obviously genuine, in which the defendants complained that they did not see how they could pay the demanded prices and live. It is true that none of those letters made objection in terms to the figures contained in the communication from the plaintiffs dated January 31st, and purporting to display the condition of the affairs of these litigants on the first day of that year, but in the absence of other evidence we would be inclined to hold that in view of the contents of the letters, no new contract had arisen from the meeting of the minds of the parties. But there is another circumstance which justified the trial court in holding that the letters were mere complaints concerning the terms of a contract which was regarded by defendants as a bad bargain. The defendants wrote to plaintiffs promising to send money on account at a time when no indebtedness of the former to the latter would have existed except upon the theory that the increased terms were in effect. There was a letter written by Mr. Ferd Snyder to plaintiffs and dated September 24, 1907, in which such promise was made. If the rental and the price of rock had been as appellants say they were at the time of the writing of the said letter, the plaintiffs would have been indebted to the defendants, yet the latter, by the said letter, fully admitted an obligation to pay money to the former. We conclude, therefore, that the finding of an account stated is supported by the evidence.

While the stated account amounted in law to an acknowledgment of an indebtedness under a larger rental and an increased price for limestone only to January 1, 1907, the very nature of the business transacted by the parties to this suit taken in connection with the promises to pay (which could

only have been made in view of a recognized larger liability) affords support to the finding that defendants were bound by an agreement to continue paying the advanced prices during the entire third year of the tenancy.

Appellants cite subdivision 2 of section 1161 of the Code of Civil Procedure, to support the position which they take with reference to their tenancy for the year commencing December 1, 1906. They say that their contract based upon the old rates had become final and that its terms for the year had crystallized by reason of the fact that they had held over more than sixty days following the close of the previous year. Holding over in view of the circumstances outlined by this statute establishes a presumption *prima facie* of the renewal of the lease for another year upon the terms formerly existing, but such presumption may be rebutted by evidence offered by either party to the lease. (*Ambrose* v. *Hyde*, 145 Cal. 557, [79 Pac. 64].) We have discussed, and therefore need not review, the evidence, which, if credited by the court, was sufficient to overthrow the presumption defined by the code.

Another question raised by appellants is whether or not the decision of the district court of appeal upon the former appeal is the "law of the case" in the sense that it bound the trial court in such manner as to forbid findings contrary to those approved by the higher tribunal. The learned district court upon the former appeal, in view of the conflict of testimony, decided that there was sufficient support for the finding that the rental was not increased for the last two years of the tenancy. But the judgment as a whole was reversed and the cause was retried upon amended pleadings. It is not apparent that the evidence at the two trials was identical, and it is not our duty to compare the two records in an effort to discover such identity. Obviously the appellants may not successfully invoke the doctrine of the "law of the case" to overthrow the judgment given after the second trial. (*Foley* v. *Northern California Power Co.*, 165 Cal. 105, [130 Pac. 1183] ; *Esrey* v. *Southern Pacific Co.*, 103 Cal. 541, 547, [37 Pac. 500] ; *Greenberg* v. *California B. R. Co.*, 107 Cal. 673, [40 Pac. 1053] ; *Mahan* v. *Wood*, 79 Cal. 259, [21 Pac. 757].) The doctrine of "the law of the case," generally speaking, has reference only to the principles of law announced by the court as those to be applied to a retrial

of fact. It does not embrace the facts themselves nor include points of law not presented and determined. (*Moore* v. *Trott,* 162 Cal. 273, [122 Pac. 462], and cases cited.)

No other matters appearing in the record require discussion.

The judgment and order are affirmed.

Henshaw, J., and Shaw, J., concurred.