[Civ. No. 179. Fourth Appellate District.—November 18, 1932.]

IRVING R. FOGLER et al., Respondents, v. MAY N. PURKISER, Appellant.

Burton E. Hales for Appellant.

Swing & Wilson for Respondents.

AMES, J., *pro tem.*—This is an action to compel the specific performance of a contract to convey real estate. The parties to this action are the children and heirs at law of Alice A. Fogler, who died intestate in San Bernardino County on the twenty-sixth day of October, 1928. During her lifetime she was the owner of a tract of land consisting of 40 acres, which throughout this opinion will be designated as parcel one, and certain real property in the city of Redlands, San Bernardino County, improved with a dwelling-house thereon, in which she resided at the time of her death and which is designated as parcel two. The deceased was also the owner of a promissory note executed by plaintiff Irving R. Fogler in the sum of $1,000, dated the twenty-third day of August, 1927.

Shortly after the death of Alice A. Fogler the defendant caused to be recorded in the office of the county recorder of San Bernardino County two deeds of conveyance purporting to have been executed and acknowledged by the deceased during her lifetime, conveying to the defendant all of the real property which belonged to decedent during her lifetime. Thereafter and on the tenth day of November, 1928, plaintiff Irving R. Fogler caused to be filed for record in the office of the county recorder of San Bernardino County an affidavit in which he alleged that Alice A. Fogler at the time of her death was the owner of both parcel one and parcel two herein referred to, that the defendant claims to be the owner thereof and that the deeds under which defendant claims title to said real property are null and void. On the same day on which the affidavit of plaintiff Fogler was filed for record he caused to be filed in the office of the clerk of the Superior Court of San Bernardino County a petition for letters of administration in the matter of the estate of Alice A. Fogler, deceased, in which he alleged that the estate of Alice A. Fogler consisted of both parcel one and parcel two, and prayed that letters of administration be issued to himself. This petition was set for hearing in the superior court on the twenty-sixth day of November, 1928. After the filing of the petition for letters of administration negotiations were entered into between the parties to this action for the purpose of effecting a settlement of the controversy which had arisen. These negotiations culminated in a written agreement executed by all of the

parties to this action on the twenty-third day of November, 1928. In that agreement defendant agreed "for and in consideration of the covenants and agreements hereinafter contain" on the part of the plaintiffs, to deed to the plaintiffs each ten acres of the south 20 acres of the 40-acre tract of land described as parcel one, and the plaintiffs in consideration of the covenants and agreements on the part of the defendant, agreed "not to contest the disposition of her property" heretofore made by Mrs. Alice A. Fogler in any manner whatsoever, whether the said property was disposed of by Mrs. Alice A. Fogler "by deed, gift, assignment, or otherwise". The agreement then contained the following covenant out of which the present controversy arose:

"And said Irving R. Fogler hereby agrees to pay said May N. Purkiser the sum of ten thousand dollars for the North 20 acres of the 40 acre tract of land heretofore owned by said Mrs. Alice A. Fogler near the City of San Bernardino Cal. and said May N. Purkiser hereby agrees to accept the sum of ten thousand dollars for said 20 acres, and to deliver to said Irving R. Fogler a good and sufficient deed of grant to said 20 acres of land."

For the specific enforcement of this contract plaintiffs brought this action.

The complaint alleged the performance of the contract on the part of plaintiffs and further that they had refrained from further efforts to obtain testimony to establish the fact that parcels one and two and other property constituted a portion of the estate of Alice A. Fogler, and had refrained from further attempts to establish that the conveyances recorded by the defendant were insufficient to convey title to parcels one and two to her, and further alleged that on the eighteenth day of March, 1929, they tendered to the defendant the sum of $10,000 and demanded that she perform the covenants in her agreement by executing to the plaintiffs the conveyances therein provided for. The failure of defendant to perform the covenants in the agreement is then alleged in appropriate language. In her answer defendant denied all of the foregoing allegations of the complaint and further alleged that on or about the first day of March, 1929, because of the refusal of plaintiffs to comply with the terms of the agreement that she repudiated the

same and notified plaintiff Irving R. Fogler that she would no longer be bound by its terms.

After trial upon the merits the court found generally in finding No. 1 that all of the allegations in each respective paragraph of the complaint were true. Finding No. 2 is as follows:

"The Court hereby finds that it is not true that the defendant Irving R. Fogler, has refused repeatedly or at all to carry out the terms of said agreement, or that he has told the defendant on many occasions, or upon any occasion, that he would not and could not pay her the sum of $10,000.00 as provided in said agreement, nor that he would pay her the sum of $2000.00 and give her a mortgage back for the sum of $8000.00 in payment for said land; nor is it true that because of the refusal of the plaintiffs or either of them, to comply with the terms of said agreement, the defendant on or about the first of March, 1929, or at any other time, rescinded said agreement, and notified the plaintiff, Irving R. Fogler, that she would no longer be bound by its terms, that she would no longer regard said agreement as binding upon herself, and that the same was at an end so far as she was concerned, and that he could proceed with the action which he had commenced in the Superior Court of said County for the probate of the estate of Alice A. Fogler."

Finding No. 3 is a specific finding that defendant has never rescinded said agreement and that the same is in full force and effect. Pursuant to the findings, judgment of the court was duly entered, in which the specific performance of the agreement of November 23, 1928, was ordered and decreed, and from that judgment defendant appeals.

It is first contended by appellant that findings Nos. 2 and 3 are not supported by the evidence, in that the evidence shows, without substantial conflict, that defendant, on or about March 1, 1929, rescinded the agreement, and that respondent Irving R. Fogler had not, prior to that time, paid the purchase price of $10,000, and that he was then in default.

It will be observed that the agreement of November 23, 1928, contains no provision as to the time when the purchase price shall be paid. However, appellant and her counsel testified that there was an oral agreement at the

time of the execution of the contract that the purchase price would be paid by Irving R. Fogler in cash at the office of the attorney for appellant the first of the following week and that neither the purchase price nor any part thereof was paid at that time nor did Irving R. Fogler appear at the appointed place at that time. This evidence was admitted without objection on the part of respondents and it is now contended by appellant that the failure to pay the purchase price at the office of her attorney at the time specified in the oral agreement constituted a violation of the contract on the part of respondents and justified its rescission by her. We think, however, that the time of performance must be determined regardless of the evidence of the oral agreement, although the same was introduced without objection. Section 1657 of the Civil Code is as follows:

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained."

In construing this section it has been held that if a contract specifies no time for its performance the law implies that it shall be performed within a reasonable time and will not permit this implication to be rebutted by extrinsic testimony going to fix a definite term because this varies the terms of the written contract and would violate the provisions of section 1856 of the Code of Civil Procedure, which provides as follows:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute."

In the case of *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746 [103 Pac. 938, 939], the court says:

"Nor do we think it was competent to show by parol testimony that at the time the option was given plaintiff agreed that defendant should have one year within which to accept it. It is a well-settled principle that that which is implied by law becomes as much a part of the contract as that which is therein written, and if the contract is clear, and complete when aided by that which is imported into it by legal implication, it cannot be contradicted by parol in respect of that which is implied any more than in respect of that which is written. . . . 'There is another principle to be observed, namely, that whatever the law implies from a contract in writing is as much a part of the contract as that which is therein expressed; and to the extent that the contract, with that which the law implies, is clear, definite and complete, it cannot be added to, varied or contradicted by extrinsic evidence; . . . ' "

The same rule is announced in the following cases: *Greenberg* v. *California B. R. Co.*, 107 Cal. 667 [40 Pac. 1053]; *Peterson* v. *Chaix*, 5 Cal. App. 525 [90 Pac. 948]; *California Drilling & Machinery Co.* v. *Crowder*, 58 Cal. App. 529 [209 Pac. 68]; *LaFrance* v. *Kashishian*, 204 Cal. 643 [269 Pac. 655].

Nor have respondents waived their right to urge the point on appeal, that this evidence should be disregarded. It has been held that the parol evidence rule is not only a rule of evidence but one of substantive law. (*Harding* v. *Robinson*, 175 Cal. 534 [166 Pac. 808]; *Rottman* v. *Hevener*, 54 Cal. App. 474 [202 Pac. 329].)

If, then, respondents had a reasonable time within which to perform the covenants in the contract and they were not in default at the time of the purported rescission, a rescission on the part of appellant would not be justified. We think that there is sufficient evidence in the record to support the finding that the contract was not rescinded. Appellant testified that Irving R. Fogler never offered to pay her the sum of $10,000 cash but that in December, 1928, he offered to pay the sum of $2,000 in cash and to secure the balance of $8,000 by a mortgage upon the premises to be conveyed. This offer, she testified, she rejected and stated that she wanted the cash. At another interview in January, 1929, he repeated the same offer. She again declined to accept it and stated that she wanted $10,000 and that she

then told him that she would no longer be bound by the contract.

The testimony of Irving R. Fogler, which tends to support findings Nos. 2 and 3, may be summarized as follows: That he made arrangements at a bank to borrow the money with which to finance this transaction and had a certificate of title "brought down to date". He further says: "I saw my sister several times and wanted her to carry out the agreement"; that his attorney had dismissed the petition for letters of administration and in January, 1929, prepared a quitclaim deed bearing date January 12, 1929, which was executed and acknowledged by respondents herein. Incorporated in the quitclaim deed were certain recitals that the parties thereto were next of kin and heirs at law of Alice A. Fogler, that the claims of all of her creditors and the expenses of her last illness had been paid, together with a waiver of the right to contest the validity of the deeds theretofore recorded by appellant. Attached to the quitclaim deed was an affidavit to be signed by appellant to the effect that the recitals in the quitclaim deed were true. Respondent Irving R. Fogler further testified that he made several trips to Redlands to ask appellant to sign the affidavit attached to the quitclaim deed and consummate the transaction but that she stated she would not go through with it; that she said the property was all hers and she thought she had a right to it. That about March 1, 1929, appellant's attorney told him that appellant would not go through with the agreement; that on or about that date appellant's attorney told the witness that appellant "would go through with the agreement if we would draw up another one for $600 an acre"; that during the latter part of January or the first of February, 1929, appellant informed him that she would not carry out the contract.

Fred A. Wilson, attorney for respondents, testified that on January 23, 1929, he inclosed the quitclaim deed executed and acknowledged by respondents to the attorney for the appellant at Redlands, with the request that the same be executed by her; that at a subsequent time Mr. Hales, the attorney for appellant, informed him that he "thought the defendant was going to back out of the deal". On February 6, 1929, he again wrote to Mr. Hales asking him to procure the execution of the quitclaim deed, to which Mr. Hales

did not reply, nor has the affidavit attached to the quitclaim deed ever been executed by appellant. We think this evidence is sufficient to support the findings, and in fact tends to prove an abandonment of the contract on the part of appellant.

It is the rule in California that in a contract for the sale of real estate the delivery of the deed and the payment of the purchase price are dependent and concurrent conditions. (*Cates* v. *McNeil*, 169 Cal. 697 [147 Pac. 944]; *Whittier* v. *Gormley*, 3 Cal. App. 489 [86 Pac. 726]; *Lemle* v. *Barry*, 181 Cal. 6 [183 Pac. 148]; 25 Cal. Jur. 672.)

We are not called upon to determine whether or not the circumstances were such that appellant had a right to rescind the contract, if such right existed, because the court found that she did not exercise it. She took no steps to put respondents in default but announced that she would no longer be bound by the covenants in her contract. The contract then is still in full force and effect. (*Lemle* v. *Barry, supra.*)

On the eighteenth day of March, 1929, and after appellant had announced that she would not consummate the transaction, respondents served upon the appellant a written tender of the sum of $10,000 "as the purchase price and in payment of the north half of that certain real property" referred to as parcel one, which is further described in the notice, together with a demand for a conveyance pursuant to the provisions of the agreement of November 23, 1929, but that appellant neither complied with any of the terms of her agreement nor did she offer any objection, either to the form of the tender or the contents thereof.

This offer to perform having been made at a time when respondents were not in default and no objection having been made to it, places the appellant in the position of the party in default rather than the respondents. (Civ. Code, secs. 1491, 1496, 1501; *Cates* v. *McNeil, supra; Kofoed* v. *Gordon*, 122 Cal. 314 [54 Pac. 1115].)

Another contention advanced by appellant is that respondent Irving R. Fogler has failed to comply with the terms of the agreement of November 23, 1928, in that he is contesting the disposition of the promissory note executed by him to his deceased mother on August 23, 1927, and to support this contention she offered in evidence at the trial

the complaint and answer in an action which was then pending in the Superior Court of San Bernardino County, in which this defendant and Bank of America of California, Inc., were plaintiffs and the plaintiffs herein were defendants. That action was brought for the purpose of recovering a judgment upon a promissory note executed by Irving R. Fogler and Myrtle O. Fogler, in which defendants therein (plaintiffs' here) filed an answer in which they alleged that the execution of said promissory note was obtained by May N. Purkiser, the defendant herein, by means of duress and undue influence exercised by her upon the deceased while occupying a fiduciary relationship toward her and further that said note was executed without any consideration. The offer of these pleadings in the case of *Purkiser* v. *Fogler* was objected to by respondents as incompetent, irrelevant and immaterial. The court thereupon reserved its ruling and no ruling upon the offer is disclosed by the record here. The answer was filed in the Superior Court of San Bernardino County on the twenty-fifth day of April, 1930, over one year after the complaint in the instant action had been filed, and there is no evidence in the record that any further proceedings had been had in that action subsequent to the filing of the answer. Assuming that the complaint and answer in the action brought by the appellant and the Bank of America in the superior court are properly in evidence here, we do not believe that they are available to the appellant as a defense to this action. It is manifest that the alleged violation of the contract by Irving R. Fogler occurred at a time long after this action was at issue and no supplemental answer was filed nor, so far as is shown by the record here, was any application made for leave to file such supplemental pleadings. An answer in a civil action relates to facts existing at the time the action was brought, and matters of defense subsequently arising can be taken advantage of only by setting them up by supplemental answer. (21 Cal. Jur. 173; *McMinn* v. *O'Connor*, 27 Cal. 239; *Bagley* v. *Ward*, 37 Cal. 121 [99 Am. Dec. 256]; *California Farm & Fruit Co., Ltd.,* v. *Schiappa-Pietra*, 151 Cal. 732 [91 Pac. 593]; *Anglo California Bank* v. *Field*, 146 Cal. 644 [80 Pac. 1080].)

But assuming that the allegations in the answer of Irving R. Fogler were properly before the court, we are still

of the opinion that they do not reveal facts upon which the court could find a violation of his contract. Bearing in mind that it was the appellant, and not the respondents, who was in default under the terms of the contract of November 23, 1928, it was she who instituted the action to recover judgment upon the promissory note. Irving R. Fogler had merely pleaded the facts set forth in his answer as a defense in said action. We may assume that no trial had been had thereon and no judgment entered therein. Prior to the entry of a judgment in either case, Irving R. Fogler was not put to an election of remedies. In the case of *Roullard* v. *Rosenberg Bros. & Co.*, 193 Cal. 360 [224 Pac. 449, 450], the court said:

"It cannot be said that plaintiffs made an election of remedies by the mere commencement of the action in the case at bar, because at that time they had no choice of remedies. No default had then been made in the contract of purchase, and the only remedy then available to plaintiffs was the action of conversion, which they are here prosecuting. Neither do we think they can be said to have made an election by the mere commencement of the action in the suit to quiet title. When that had been done the situation was that plaintiffs had then commenced two actions, one an action for damages for conversion, being the case at bar, the other a suit to quiet title. Neither of said actions had then proceeded beyond the point of filing complaint and issuance of summons, and it could not be said that plaintiffs had 'clearly elected to proceed' upon either of them as distinguished from the other. The conclusion to be deduced from plaintiffs' conduct up to that point would be that they had not elected to pursue either remedy, but had elected rather to pursue both. If plaintiffs had then proceeded to pursue the quiet title action to trial and judgment, leaving the conversion action *in statu quo,* it might then have been argued with some force that they had thereby elected to pursue that action to the exclusion of this. But they did not do that. Instead thereof, they pressed the conversion action to trial and judgment, leaving the quiet title suit to remain in abeyance, so that if it can be said that plaintiffs have elected to pursue either of these remedies to the exclusion of the other, it would have to be concluded that they have chosen to pursue the remedy of the case at bar."

Had the action in the superior court proceeded to final judgment and the record in that case was properly before us under adequate pleadings, appellant might have been bound by his election, but since no such judgment has been entered the mere filing of the answer with the allegations therein contained is not a bar to the relief prayed for in plaintiff's complaint.

We find no other points in the record which merit our attention.

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.