## J. H. BLUMENBERG *v.* JOHN MYRES.

TENANT WHO SUB-LEASES. — If the lessee sub-lets the leased premises for the entire term of his lease from the lessor, no right of entry remains in him upon the expiration of the term. The right of entry is in him who holds the reversion.

CREATION OF A NEW TENANCY.—If a tenant for one year or more, before the expiration of his term procures the landlord's receipt for one month's rent, commencing at the expiration of the term, a new tenancy of one year is not thereby created. The new tenancy is only for one month.

TAKING A NEW LEASE.—If the tenant takes a receipt from his landlord, specifying the amount of rent paid and the length of the term, to commence on the expiration of the lease, the new term will be for the time specified in the receipt. No new tenancy by implication arises in such case.

CREATION OF A NEW TERM.—When the lessee holds over, and the landlord receives rent after the expiration of the term, a new tenancy arises by implication, subject to the covenants and conditions of the original lease, but the new term is not necessarily for one year.

APPEAL from the County Court, City and County of San Francisco.

The plaintiff paid Booth for the premises one hundred and fifty dollars per month. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*C. H. Parker*, for Appellant.

The plaintiff could rest his right to recover of defendant on his lease to Myres, the prolongation and notice to quit, and the proofs offered in connection therewith. The only excuse stated in the answer for holding the premises against Blumenberg is that the defendant had taken a lease from Booth, dated May 31st, 1865, to take effect July 1st, 1865. This defense is based upon the assertion that Booth had the right to lease the premises on and after July 1st. That could only be on the ground that the relation of landlord and tenant between Blumenberg and Booth had been terminated on July 1st, 1865. If Blumenberg's relation of tenant to Booth has been terminated, how was it accomplished; by what means, and by whom? Blumenberg has not terminated it; Booth has not done so; Blumenberg has not been requested to surrender—no notice has ever been served upon him. Blumenberg by paying one month's rent to commence after the expiration of his term

bound himself to pay the same rent every month for one year. (Taylor's Landlord and Tenant, Sec. 22.) If Booth could have compelled Blumenberg to hold the premises for one year, Blumenberg acquired the right to retain possession for one year by paying the rent. (Taylor's Landlord and Tenant, Sec. 476.) A new term of one month had been created, which is admitted on all sides. But the plaintiff contends that a *new term of one year* had been created by the holding over of one month after the expiration of the yearly lease. I cite as authorities on this point, Taylor's Landlord and Tenant, Secs. 22, 54, 55, 467, 476; Adams' Ejectment, p. 142, 145, 182, Note 2; 17 Cal. 85; 25 Cal. 25; 28 Cal. 157; 9 Johns. 267; 1 Saunders' Rep. 275 *a.*

*J. J. Papy,* for Respondent.

If after the expiration of a tenancy, determined by lapse of time, or the happening of a particular event, the reversioner or remainderman receives rent, *as such,* from the person in possession, or in any other way acknowledges him as tenant, a tenancy will thereby be created subject to the conditions of the original lease. (Taylor, L. and T. Sec. 22, p. 5 of ed. 1844; *Conway* v. *Starkweather,* 1 Denio, 113; *Bradly* v. *Covill,* 4 Cowen, 350; *Abell* v. *Radcliff,* 15 J. R. 505; *Jordan* v. *Ward,* 1 H. Black. 97.) In this case there was no payment of rent to Booth by plaintiff after the termination of the lease, or any act which can be tortured into a continuance of the tenancy under the terms of the original lease, or under any other terms. When a lessor conveys his full term, he ceases to be a lessor and becomes an assignor, thereby destroying the relation of landlord and tenant previously existing. (*Smiley* v. *Van Winkle,* 6 Cal. 605; *Palmer* v. *Edwards,* 1 Doug. 185; 5 Bacon's Ab. p. 558, Leases 3.) And the production of the receipt is of no avail because defendant never held under it. (*Reay* v. *Cotter,* 29 Cal. 170.) A lessee, during his occupation, holds both by privity of estate and of contract. His *privity of estate* is dependent upon, and co-existent with, the continuance of his term. By an assignment he

divests himself of this privity. and transfers it to his assignee; it remains annexed to the estate, into whose possession soever the land may pass, and the assignee always holds in privity of estate of the original landlord. (Taylor, L. and T., Assignments, Sec. 11; *Walton* v. *Cronly*, 14 Wend. 64; *Auriol* v. *Mills*, 4 T. R. 94; *Pot* v. *Jackson*, 17 J. R. 237.)

By the Court, RHODES, J.:

The plaintiff, who was the lessee of Booth for the term of five years, commencing June 1, 1860, sub-let the premises to the defendant, for the term of three years from February 15, 1862, and on the 15th of April, 1864, he and the defendant executed an instrument by which it was agreed that "said lease be prolonged up to June the first, 1865, being the full term of the lease said lessor holds from Junius Brutus Booth, for five years ending June the first, 1865." On the 23d of March, 1864, which was prior to the execution of the last mentioned instrument and before the expiration of the plaintiff's term, he procured from Booth a receipt for the sum of four hundred dollars, for one month's rent for the premises, from June 1st to July 1st, 1865. On the 31st of May, 1865, Booth leased the premises to the defendant for one year from July 1, 1865. This action was commenced under the Forcible Entry and Detainer Act, July 31, 1865. The defendant had judgment on the findings.

The instrument executed April 5, 1864, was an assignment to the defendant of the lease of Booth to the plaintiff. It purported to pass all of the term then remaining, and it in fact left no reversionary interest in the plaintiff. (Taylor Land. and Ten., Secs. 16, 109, 426; 1 Wash. on Real Prop., 333.) No right of entry therefore remained in or accrued to the plaintiff by reason of the expiration of the term. That right attended the reversion, and both were in the hands of Booth, except in so far as they may have been affected by the transaction evidenced by the receipt of Booth.

Accepting the receipt as constituting a lease to the plaintiff,

the question is what term was thereby created? The plaintiff holds that the receipt is evidence of a lease for a year; that the holding over for one month by the defendant, and the payment by the plaintiff to Booth of one month's rent, created, by implication of law, a new term of one year between Booth and the plaintiff, commencing at the expiration of the term of five years. The doctrine which the plaintiff invokes, that where the lessee holds over and the lessor receives rent accruing after the expiration of the term, a new tenancy arises for a further term, subject to the covenants and conditions of the original lease, is true as a general rule, and the reason is, that the receipt of the rent is considered as an acknowledgment of a subsisting tenancy. But it does not follow that the new term must necessarily be a year. Where the former lease was for a period less than a year, as a quarter or a month, or where the term though extending to a year or more, was composed of such periods, there is no ground for holding that the new term, presumed from the holding over of the tenant, and the receipt of rent by the landlord, extends beyond one of the periods of the tenancy. The tenant who enters under a lease for a month, and holds over, and during the second month pays rent, is not entitled to claim a new term of one year, but he becomes a tenant from month to month. When the tenancy is found from the fact of the holding over of the tenant and the acknowledgment of the landlord, it is presumed to be of the same character—as annual, quarterly, monthly, etc.—and upon the same covenants and conditions as the previous tenancy. It rests upon implication alone. But when the parties have made an express agreement relating in any respect to the new tenancy, then in that respect there is no room for implication. If the parties specify the rent, the time of payment, the term, or any of the usual covenants or conditions of a lease, whether they agree or disagree with the terms of the former lease, they enter into the new lease and determine the rights of the parties while the tenant is holding over. The receipt produced by the plaintiff showed the payment by him of four hundred dollars for one month's rent,

thus establishing both the rent and the term. He has no better right to recur to the former lease, in disregard of the time, than of the rent specified in the receipt. The utmost the plaintiff was entitled to, as growing out of the receipt, was the possession of the premises from the first of June to the first of July, and at the last date his new term ended. After that time he was not entitled to the possession as against his landlord, Booth, nor was he in a better position to recover the possession from the defendant, for although he was authorized to treat the defendant as his tenant during the lease for one month, his interest in the premises expired at the end of that month, and at the same point of time the defendant's right to the possession under his lease from Booth commenced. We therefore agree with the learned Judge of the County Court in the opinion that the receipt was evidence of a lease for one month only, and that after the expiration of that time it was too late for the plaintiff to commence an action for the recovery of the possession.

The plaintiff's construction of the holding over, and the receipt of accruing rent by the landlord, if it could be maintained, would be fatal to his recovery in this action—the action being brought, not on the ground of forfeiture, but of the expiration of the defendant's term. The defendant having held over after the expiration of his term, the plaintiff then holding the lease for one month, could at his election treat him as a trespasser or a tenant. The plaintiff, on the 3d day of June, demanded of the defendant, who was then holding over, one thousand dollars for the rent of the current month. He thereby acknowledged the defendant as his tenant. Giving the defendant the same benefit of the implication as to the term of the new tenancy, that the plaintiff claims as between him and Booth, his term also would continue for one year from the first of June, and he would not be liable to this action until the expiration of the year.

Judgment affirmed.