[S. F. No. 3045.   Department Two.—December 13, 1904.]

## THOMAS AMBROSE, Appellant, v. F. A. HYDE, Respondent.

ACTION FOR RENT—VERBAL AGREEMENT FOR LEASE—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—In an action for rent, where the plaintiff testified to a verbal agreement with the defendant to rent grazing-lands for a year, and the defendant testified that he positively declined to rent them for a year, but made overtures to plaintiff for a lease of three or five years, and that, being unable to secure it, he left the premises, a general finding that defendant was not indebted to plaintiff in any sum is sustained by the evidence, and is conclusive upon appeal.

ID.—TENANCY OF AGRICULTURAL LANDS—CONTINUED OCCUPATION—PRESUMPTION—REBUTTAL.—Subdivision 2 of section 1161 of the Code of Civil Procedure creates a presumption of law merely from the continued occupation by a tenant of agricultural lands for more than sixty days after the term, as to the continuance of the lease upon the same terms as the lease of the previous year; and it is permissible for either of the parties to rebut the legal implication arising thereunder from such continued occupation.

ID.—CONTINUED OCCUPATION BY SUBTENANT — FAILURE OF PROOF OF ORIGINAL TERMS OF LEASE.—Assuming, without deciding, that such presumption of law applies to a subtenant who remains sixty days after the term, yet where there is no evidence to show what were the terms of the previous lease as to the amount of rental to be paid thereunder, the absence of such evidence is fatal to the claim of a continuance of the lease by operation or presumption of law.

ID.—VALUE OF USE AND OCCUPATION—ABSENCE OF PROOF.—The plaintiff cannot recover the value of the use and occupation of the premises for the time during which they were occupied by the subtenant after the term where he failed to make any proof of such value.

ID.—EVIDENCE—INADMISSIBLE CONVERSATIONS.—Conversations had between the plaintiff and the wife of his assignor concerning the rental of the premises to the defendant, and had by her with others who tried to rent them, none of which were in the presence of the defendant, were inadmissible, and when given were properly stricken out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

A. Morgenthal, for Appellant.

Leon Samuels, for Respondent.

LORIGAN, J.—Plaintiff sought in this action to recover the sum of five hundred dollars, in which amount he alleged the defendant was indebted to him on October 1, 1899, for rent of certain grazing-lands in Contra Costa County for the year commencing October 1, 1898. The answer of the defendant was a denial of all the allegations of the complaint. Judgment went for defendant, and from it and an order denying his motion for a new trial plaintiff appeals.

The court made a general finding in favor of defendant, which was, in effect, that he was not indebted to the plaintiff on October 1, 1899, or at any other time, in any sum whatever, and this finding is attacked as not sustained by the evidence. As far as this point relates to the testimony in the case, bearing directly upon any negotiations for the rental of this property, entered into between the plaintiff and the defendant, but little discussion is necessary. The only evidence in the case bearing upon it was that of the parties to the action themselves. The plaintiff testified that the defendant, in his office in San Francisco, October 1, 1898, made a verbal agreement with him to rent the land for a year at a rental of five hundred dollars. This defendant denied, claiming that he positively declined to rent for a year (he was then in possession of the property), but made overtures to plaintiff for a lease of three or five years, and being unable to secure it, left the premises.

In this conflicting condition of the evidence the lower court credited the testimony of the defendant, and, as so credited, it justified the finding of the court, and, under the well-recognized rule, the finding is conclusive upon us.

Appellant contends, however, that the evidence shows that the defendant became a tenant of the premises under him for the year alleged, by operation of law, and hence that the finding is not sustained by the evidence, but is contrary to it.

On this point the evidence shows, that the premises alleged to have been leased were, at all the dates involved in this controversy, owned by one Dr. Posey, the plaintiff having a mortgage on them. In 1897 Dr. Posey being away, his wife leased the premises to some third parties for a term to end October 1, 1898, and from these parties the defendant sublet

them for a few months towards the close of the term, and was in possession when negotiations were opened between plaintiff, who had authority from Dr. Posey to rent the place and apply the rents on his mortgage, and the defendant, relative to a further lease. Pending these negotiations the defendant remained in possession of the premises and occupied them for several months after the yearly lease under which he sublet had expired, and it is from this continued occupation that plaintiff insists that by the operation of law (Code Civ. Proc., sec. 1161, subd. 2), the lease was renewed for a year upon the same terms as the lease for the previous year.

This section creates a presumption of law merely, and it is always permissible for either of the parties to a lease to show circumstances tending to rebut the legal implication arising thereunder, from continuous occupation of the premises, after the expiration of the original term. To what extent, however, the negotiations between plaintiff and defendant, in the present case, looking to a lease for several years, instead of for one year, was effective to rebut this presumption, or whether the section has any application to the facts in the case at bar, under respondent's contention that it has not, we are not called on to determine, because, assuming that the section does apply, still there is not a particle of evidence in the case to show what the terms of the previous lease were as to the amount of rental to be paid under it. All that appears is, that Mrs. Posey made a lease for less than a year to certain parties from whom the defendant sublet, but what rent the original lessees agreed to pay, or the defendant under them, is nowhere mentioned in the record, nor from the evidence can any fair or reasonable inference be deduced upon the subject. There is nothing to show that the rental for the previous year was five hundred dollars, or any other sum whatever. In fact, it is apparent from the record that the case was tried upon the theory that there was an express contract with the defendant to rent the premises for a year from October 1, 1898, for five hundred dollars, and this was the point to which the evidence was mainly addressed. The matter of the previous lease arose incidentally in the case; nothing was shown as to the amount of rent agreed to be paid under it; and hence the claim of a tenancy by operation of law for another year, and liability for the same rental sum as was provided to be paid

in the former lease, is presented on this appeal without any evidence appearing in the record as to what the previous rental was, and the absence of this essential evidence is fatal to the claim.

Appellant insists that the evidence in the case shows that he was entitled to a judgment for at least some amount against the defendant. While it is not very clear upon what theory this claim is based, we will assume that it is asserted upon the ground that as the defendant remained in possession for some months after the lease under which he had sublet had expired, he was at least liable for the value of the use and occupation of the premises for the period of time he remained on them subsequent to the expiration of that lease. The conclusive answer to this claim, on the merits, is, that he offered no proof whatever on that subject. He now insists that a statement contained in a letter written by the defendant to him, that he was ready to pay the rental for the time he used the place, supports his contention. But the strongest effect that can be given to this statement is, that it was a direct acknowledgment by the defendant of his liability for rental during that period; a liability which the law fixed upon him independent of his acknowledgment. There was no statement in the letter as to what that rental was, or rather as to what defendant considered was the value of the use and occupation of the premises during the term defendant occupied it. This was the essential matter to be proven, and plaintiff failed to make any proof of it. He not only did not attempt to offer any competent evidence upon the subject, but, when defendant sought to offer it, strenuously and successfully objected to its being accepted.

Appellant presents several rulings of the court sustaining objections to questions asked of witnesses by him, and striking out testimony on motion of respondent, and assigns them as error. These rulings were so clearly right that it would serve no useful purpose to particularly refer to them. Mentioned generally, they applied to purported conversations and communications between Mrs. Posey and the appellant concerning the rental of the premises to the defendant, and Mrs. Posey's conversations with persons who applied to her to rent them. The testimony showed that the defendant was not present at any of these conversations, and was not advised of any of the

communications, nor did he know anything about them.   Under these circumstances the conversations and communications between plaintiff and Mrs. Posey were not admissible against defendant, and as this was the ground upon which the testimony was stricken out, it was properly done.   The conversations with third parties relating to rental by them of the ranch were not admissible for any purpose, and the objections to the questions which involved that matter were properly sustained.   There are a few minor points in this same line which we do not think of any moment, and which we, therefore, do not discuss.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.