[Civ. No. 5259.  First Appellate District, Division Two.—November 4, 1925.]

MARIE STANWARD et al., Respondent, v. YELLOW TAXICAB COMPANY OF LOS ANGELES (a Corporation), Appellant.

ALBERT E. STANWARD, Respondent, v. YELLOW TAXICAB COMPANY OF LOS ANGELES (a Corporation), Appellant.

[1] NEGLIGENCE — AUTOMOBILE ACCIDENT — INADEQUATE LIGHTS — EVIDENCE—FINDING.—In this action for damages for injuries suffered as the result of having been struck by an automobile operated by an employee of defendant taxicab company, from the testimony of the driver that the lights on the machine were no good for straight driving, and that you could see with them if it was an extraordinarily clear night, but could not use such lights if the atmosphere was foggy, as on the night in question, and the uncontradicted evidence showing that the machine was equipped with two small dash-lights which had been substituted for the ordinary headlights, that these lights were of about thirty-candle power, were covered by frosted lenses and were without reflectors, that they were sufficient to enable the driver to see about ten or fifteen feet ahead of his car, that in addition to such lights he was using a spotlight, which he turned to the right to enable him to watch the right-hand curb and which enabled him to see about twenty-three feet ahead of him on his right only, the trial court was justified in finding that defendant was negligent because of the inadequate lights on its machine.

[2] ID.—UNLAWFUL RATE OF SPEED—EVIDENCE—FINDING.—In such action, the evidence showing that the car was traveling at twenty

----

2.   See 3 Cal. Jur. 873.

miles an hour over a street-crossing in a closely built-up section of the city and on a foggy night when the operator was unable to see objects in his line of travel because of his insufficient lights, coupled with the evidence showing that plaintiff wife was either carried or thrown a distance of eighteen feet from the point of impact, justified the trial court in finding that the machine was traveling at an unlawful rate of speed.

[3] ID.—DISTANCE TRAVELED AFTER COLLISION—POSITION OF PLAINTIFF—INFERENCE OF UNREASONABLE SPEED.—In such action, the evidence showing that the machine traveled ten feet after the collision and that plaintiff wife was picked up from the street at a point eight feet in front of defendant's machine, thus indicating that she was either carried or thrown a distance of eighteen feet from the point of impact, justified the inference that defendant's machine was traveling at a rate of speed greater than was reasonable or proper and such as "to endanger the life or limb of any person" on the street.

[4] ID.—CONTRIBUTORY NEGLIGENCE—CARE EXERCISED BY PLAINTIFFS CROSSING STREET — CONFLICTING EVIDENCE — PROVINCE OF TRIAL COURT.—In such action, the evidence showing that plaintiffs, after stopping at the intersection of the two streets, first looked to their left for approaching vehicles, that as soon as the first half of the street was clear they walked toward the middle of the street, where they waited for a vehicle approaching from their right to pass in front of them, that they again looked to their right and, not seeing any vehicles approaching, followed their course across the street and were struck by defendant's machine, justified the finding of the trial court in favor of plaintiffs on the issue of contributory negligence; and assuming that, if plaintiffs failed to look to their right, or they attempted to cross the street beyond the intersection, they were guilty of contributory negligence as a matter of law, the evidence on both of these issues was in wide conflict and it was incumbent upon the trial court to determine the true facts.

[5] ID.—NEGLIGENT OPERATION OF AUTOMOBILE—PLEADING.—In such action, the issues having been fairly and understandingly tried, and defendant not having been prejudiced by the form of the complaint, there was no merit in the contention, made for the first time on appeal, that the complaint failed to state sufficient facts because it did not specify the particulars in which the automobile of defendant was negligently operated at the exact point of the collision.

[6] ID.—SPECIAL ISSUES—FINDINGS—CONCLUSIONS OF LAW.—In such action, the fact that the findings upon the issues of proximate

---

5.   See 19 Cal. Jur. 671; 20 R. C. L. 175.
6.   See 24 Cal. Jur. 961.

cause and contributory negligence appeared under the head of "Conclusions of Law" rather than under the head of "Findings of Fact," did not render meritorious the contention that the trial court failed to find as a fact upon said issues.

[7] ID.—EXTENT OF INJURIES—FINDINGS—EXCESSIVE JUDGMENT.—In such action, in view of the findings as to the character and extent of the injuries to plaintiff wife, the suffering she underwent, the period she was confined to the hospital and to her home, and as to the fact that at the time of judgment, which was some eighteen months after the accident, she was still suffering from the effect of the injuries received, the appellate court could not say that the award of six thousand dollars damages to plaintiffs was excessive.

[8] ID.—EXCESSIVE AWARD—ABSENCE OF PASSION OR PREJUDICE—APPEAL.—Unless it appears that a judgment awarding damages is the result of passion or prejudice on the part of the trial court or jury, it cannot be set aside by the appellate court merely because the appellate court might feel that the award is too high.

(1) 28 Cyc., p. 30, n. 46, p. 47, n. 20.   (2) 28 Cyc., p. 34, n. 84, p. 47, n. 20.   (3) 28 Cyc., p. 47, n. 20.   (4) 4 C. J., p. 883, n. 33. (5) 3 C. J., p. 779, n. 37, p. 782, n. 41.   (6) 38 Cyc., p. 1980, n. 54. (7) 17 C. J., p. 1107, n. 64.   (8) 4 C. J., p. 871, n. 19, p. 872, n. 23.

APPEALS from judgments of the Superior Court of Los Angeles County.   Charles S. Burnell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert, B. P. Gibbs and Walter W. Little for Appellant.

H. S. Laughlin and Muhleman & Crump for Respondents.

NOURSE, J.—In the above-entitled actions the plaintiffs sought damages for injuries which they suffered when struck by an automobile operated by an employee of the defendant. The two actions were tried together, under stipulation, before the court sitting without a jury. Two judgments for $6,172.13 and $11,508.13, respectively, were awarded plaintiffs from which the defendant appeals upon a joint bill of exceptions under stipulation of counsel.

8.  See 8 Cal. Jur. 837; 8 R. C. L. 674.

The material facts of each case appear in the findings of the trial court from which we quote: "That on the 31st day of December, 1920, at about ten o'clock P. M., plaintiff, accompanied by his wife, Marie Stanward, attempted to cross Eighth street at the intersection thereof with Union avenue; that plaintiff stopped at the northeast corner of said streets upon the sidewalk and looked to the left, saw an automobile approaching from the east along Eighth street and waited for said automobile to pass. After it had passed he again looked to the left, saw no vehicle approaching and started across the street, proceeding southerly towards the southeast corner of said Union avenue and Eighth street. That in the center of said street he stopped, looked to the right and saw approaching him an automobile, to-wit, taxicab number 97; that he stood still and waited for said taxicab to pass him, which it did, proceeding east along Eighth street south of the center line thereof. That thereupon plaintiff again looked to the right and saw nothing. That the night was then and there dark and foggy. That thereupon plaintiff again started upon his way, together with his wife, across Eighth street southerly towards the southeast corner of said Eighth street and said Union avenue. That at said time and place defendant, by its servant, agent and employee operated, ran and conducted one of its taxicabs, to-wit, taxicab number 98, over and along said Eighth street in an easterly direction, in a careless, negligent, reckless, wrongful and unlawful manner, so that said taxicab at said time and place ran into and upon, struck and collided with plaintiff. That said taxicab number 98 had then and there insufficient headlights; that there were no reflectors to said headlights; that said taxicab number 98 was then and there driven and operated by defendant, by its agent, servant and employee, in a careless manner, without due regard for the safety or convenience of pedestrians upon such highway, and particularly of plaintiff herein. That said taxicab number 98 was then and there operated and driven by defendant, by its agent, servant and employee, in a careless and imprudent manner, and at a rate of speed greater than was reasonable or proper, having regard to the traffic and use of the highway, and at such a rate of speed as to endanger the life and limb of persons on said highway, particularly plaintiff herein. That said taxicab number 98 was operated

and driven by defendant, by its agent, servant and employee, at a greater rate of speed than fifteen miles per hour, and, to-wit, at the rate of at least twenty miles per hour, in approaching and traversing the intersecting highways aforesaid and at the point and time of said collision. That the territory contiguous to said crossing on the 31st day of December, 1920, was closely built up within the meaning of the Motor Vehicle Act of 1915 (Stats. 1915, p. 397), as amended and in effect on the 31st day of December, 1920 (Stats. 1919, p. 191). That the operator's view of the road and traffic at said intersection was then and there obstructed by fog and mist; that the street at the point of collision was wet and slippery."

On this appeal the appellant insists that the evidence was insufficient to warrant the finding of negligence on its part, and that it was of such a nature as to have required a finding that the plaintiffs were guilty of contributory negligence as a matter of law. An examination of the record discloses that the accident resulted from the failure of the appellant to equip its automobile with sufficient lights and from the operation of the car at an unlawful rate of speed. [1] On the subject of the character of lights used by the appellant we find from the testimony of appellant's driver that "the lights were no good for straight driving," and that "you could see with them if it was an extraordinarily clear night, but if the atmosphere was kind of foggy or so, you *couldn't use those lights.*" It is conceded that at the time when the accident occurred the night was foggy and that the defendant's car was equipped with two small dash-lights which had been substituted for the ordinary headlights. These lights were of about thirty-candle power, were covered by frosted lenses and were without reflectors. They were sufficient to enable the driver to see but ten or fifteen feet ahead of his car. In addition to these lights he was using a spotlight, which he turned to the right to enable him to watch the right-hand curb and which enabled him to see about twenty-three feet ahead of him on his right only. In this evidence there is no conflict and the trial court was justified in finding that the appellant was negligent because of the inadequate lights on its machine.

[2] As to the rate of speed of the appellant's car there is substantial evidence that the car was traveling at twenty

miles an hour over a street-crossing in a closely built-up section of the city and on a foggy night when the operator was unable to see objects in his line of travel because of his insufficient lights. **[3]** In addition to the testimony of the operator of appellant's machine that he was going at a rate of twenty miles an hour we have the conceded fact that Mrs. Stanward was picked up from the street at a point eight feet in front of appellant's machine after it had been stopped. As the evidence is that the machine traveled ten feet after the collision it is thus apparent that this respondent was either carried or thrown a distance of eighteen feet from the point of impact. This in itself is persuasive evidence from which an inference could properly be drawn that the appellant's machine was traveling at a rate of speed greater than was reasonable or proper and such as "to endanger the life or limb of any person" on the highway. (Motor Vehicle Act of 1919, sec. 22 [a].) There is really no evidence in conflict with this; the testimony of the passengers in appellant's cab was merely guesswork on their part; and the trial court was justified in making the finding as to speed adversely to the appellant.

**[4]** Upon the issue of contributory negligence the evidence is that the respondents, after stopping at the intersection of the two streets, first looked to their left for approaching vehicles; saw an automobile approaching; waited on the curb for it to pass; looked again and saw the first half of the street clear; walked toward the middle of the street and saw an automobile approaching from their right; waited for it to pass in front of them; again looked for approaching vehicles and did not see any; then followed their course across the street and were struck by appellant's machine. In opposition to this evidence the appellant endeavored to show that the respondents must have crossed the street at some point beyond the curb-crossing because their bodies were found lying in the street some distance from the intersection of the streets. Appellant's position is this: The respondents must have failed to look to their right because if they had done so they would have seen appellant's machine approaching, and they must have attempted to cross the street beyond the intersection because their bodies were found some distance east of the intersection. Assuming that either one of these elements might constitute contributory negligence as a matter of law the

evidence on both is in wide conflict and it was incumbent upon the trial court to determine the true facts. The trial court having found the facts against the appellant upon substantial evidence that finding is conclusive here.

[5] The appellant for the first time insists that the complaint fails to state sufficient facts because it does not specify the particulars in which the automobile was negligently operated at the exact point of the collision. The pleading comes within the rule of *Stein* v. *United Rys. of S. F.*, 159 Cal. 368, 370 [113 Pac. 663]. The issues were fairly and understandingly tried and appellant was not prejudiced by the form of the complaint.

[6] It is also argued that the court failed to find as a fact upon the issues of proximate cause and contributory negligence. The point is that these findings appear under the head of "Conclusions of Law" rather than under the head of "Findings of Fact." There is no merit in the point, as has been held repeatedly. (*Burton* v. *Burton*, 79 Cal. 490, 495 [21 Pac. 847]; *Lange* v. *Waters*, 156 Cal. 142 [19 Ann. Cas. 1207, 103 Pac. 889]; *Terry* v. *Southwestern Bldg. Co.*, 43 Cal. App. 366, 370 [185 Pac. 212].)

[7] Finally it is argued that the award of damages in the first case for injuries to Mrs. Stanward is excessive. The finding is "that her face and head were thereby cut, bruised and lacerated, the bones of her right leg were thereby broken below the knee, and her body, arms and legs were bruised and rendered sore; that she suffered thereby great pain; that by reason thereof she was confined to the hospital and to her bed for a period of twenty-three days, and thereafter confined at her home for a period of four weeks. That she was severely hurt in her health, strength and vitality; that she is yet unable to walk, except for a short distance, without difficulty and pain in her right leg and is still suffering from the effects of said injury." The judgment was rendered about eighteen months after the accident. The trial court found that this respondent was still suffering from the injuries inflicted at that time. It was the judgment of the trial court that for these injuries she and her husband were entitled to $6,000 in damages.

[8] Unless it appears that a judgment awarding damages is the result of passion or prejudice on the part of the trial court or jury it cannot be set aside by the appellate

court merely because the appellate court might feel that the award is too high.   There is nothing in the record which even suggests that this judgment was the result of either passion or prejudice.

Judgments affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 31, 1925.