[Civ. No. 3741. Third Appellate District.—June 7, 1929.]

LEE SWITHENBANK, Respondent, v. CHARLES W. WOOD et al., Appellants.

H. C. Nelson for Appellants.

A. G. Bradford for Respondent.

FINCH, P. J.—This is an action for the partition of personal property. The defendants Charles W. Wood and Lena Wood have appealed, on the judgment-roll alone, from

the parts of the interlocutory decree which award the plaintiff the increase of certain sheep and lambs "from and after August 26, 1926," and the wool therefrom during the same period, and also the increase of other livestock from and after July 16, 1926. The court found the following facts:

April 16, 1921, Mary Jane Swithenbank and others leased the Swithenbank ranch, together with the livestock and other personal property thereon, to the defendant Charles W. Wood for a term expiring July 16, 1926. Plaintiff then had no interest in such property. The ranch is agricultural land. The rental provided in the lease was $1600 for the first year and at the rate of $1700 a year for the remainder of the term for both the real and personal property. The lease provided that at the expiration of the term Wood was to leave on the premises a stated number of different kinds of livestock, concerning which there is no controversy. February 14, 1922, Mary Jane Swithenbank died and, upon the settlement of her estate, there was distributed to the plaintiff "an undivided one-twelfth interest in and to" the leased property, both real and personal. Prior to the expiration of the term the other owners sold all their interest in the personal property to Wood. Prior to such expiration Wood "requested plaintiff to execute a new lease of said real and personal property but . . . plaintiff refused to execute such lease." After the expiration of the term the owners, other than the plaintiff, leased their interests in the land to defendant Charles W. Wood and Ernest D. Wood, but the plaintiff refused to join therein. August 16, 1926, by mutual exchange bills of sale, the defendant Wood conveyed to the plaintiff 117 of the sheep and 25 of the lambs and the plaintiff conveyed to Wood the remainder thereof, "to be classified and determined as per said lease. . . . The purpose and intent of said parties in delivering and exchanging said bills of sale was to establish the ownership of each of said parties, respectively, in said sheep and lambs in number, rather than in undivided fractional interests." During the preceding month the owners of the land "were negotiating with each other for a partition, division, or sale of said ranch, . . . and as a part of the . . . transaction relating to said bills of sale exchange between said plaintiff and defendant Charles W. Wood, said plaintiff stated to said defendant Wood that said sheep would not be segregated or

separated until a sale or partition of said ranch. . . . No sale nor partition of said ranch has been had." "No segregation or division of said sheep has been made as determined in said lease, or otherwise or at all." "Plaintiff did not within sixty days from and after July 16, 1926, nor within sixty days from and after July 16, 1927, demand or request possession of plaintiff's interest in said lands or premises, nor did said plaintiff at any time demand or serve any notice to quit said premises upon said defendants or either of them."

As conclusions of law the court found "that from and after the date of the expiration of said lease dated April 16, 1921, plaintiff and defendant Charles W. Wood have been in possession as tenants in common of the real and personal property described in said lease" and that plaintiff is entitled to judgment as hereinbefore stated.

■ Appellants' only contention is that because of the plaintiff's failure to demand possession of the premises within sixty days after the expiration of the term they were entitled to hold under the terms of the lease for another full year, and that therefore it was error to award the plaintiff any part of the increase of the livestock, the lease providing for the delivery of a stated number of each kind of livestock upon the surrender of the premises. Section 1161, subdivision 2, of the Code of Civil Procedure provides:

"In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of the term without any demand of possession or notice to quit by the landlord or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of the landlord, or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year."

"Holding over in view of the circumstances outlined by this statute establishes a presumption *prima facie* of the renewal of the lease for another year upon the terms formerly existing, but such presumption may be rebutted by evidence offered by either party to the lease." (*Cowell* v. *Snyder*, 171 Cal. 291, 297 [152 Pac. 920, 923]; *Ambrose* v. *Hyde*, 145 Cal. 555, 557 [79 Pac. 64].)

Before the expiration of the term the plaintiff refused to lease his interest in the land to Wood. After the expiration of the lease the plaintiff refused to join with his cotenants in the execution of a lease to Wood. The lease provided for payment of rent "quarterly in advance." The answer alleges: "The defendants have at all times been ready, willing and able and have offered to pay and do now offer to pay said plaintiff his share of the rental provided in said lease." This allegation implies that the defendants offered to pay the rental in advance for the quarter commencing July 17, 1926, and that the plaintiff refused to accept such payment. A month after the end of the term the mutual exchange of bills of sale took place between plaintiff and Wood. It cannot be held as a matter of law that the court was not warranted in concluding that the presumption that Wood held possession with permission of the plaintiff after the end of the term was overcome by the facts stated and that the plaintiff and the defendants were "in possession as tenants in common of the real and personal property described in the lease" from and after the expiration of the term thereof.

If necessary to uphold the judgment, the appeal being on the judgment-roll alone, the finding that the plaintiff and the defendants were so in possession as tenants in common may be treated as a finding of fact, misplaced among the conclusions of law. (*Collins* v. *Ramish,* 182 Cal. 360, 366 [188 Pac. 550]; *Stanward* v. *Yellow Taxicab Co.,* 75 Cal. App. 96, 102 [241 Pac. 902].) "Every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts." (2 Cal. Jur. 852; *Philbrook* v. *Randall,* 195 Cal. 95, 104 [231 Pac. 739]; *Platner* v. *Vincent,* 194 Cal. 436, 442 [229 Pac. 24].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 5, 1929, and the following opinion then rendered thereon:

THE Appellants have filed a petition for a rehearing. Referring to the finding quoted in the opinion to

the effect that as a part of the transaction relating to the exchange of bills of sale by the parties the "plaintiff stated to said defendant Wood that said sheep would not be segregated or separated until a sale or partition of said ranch," petitioners say: "In view of the foregoing finding it is evident that the refusal on the part of plaintiff to execute a new lease upon or just prior to the expiration of the old lease did not take the case out of the requirements laid down in subdivision 2, section 1161, of the Code of Civil Procedure." The finding referred to is of a mere evidentiary fact, not responsive to any issue in the case. It does not appear that the defendants consented to or that the parties agreed upon such postponement of the segregation and separation of the sheep until a sale or partition of the ranch. It was within the exclusive province of the trial court to determine whether such evidentiary fact, together with the presumption relied upon by the defendants, or the evidence to the contrary was of the greater weight.

Petitioners contend that the evidence is insufficient to overcome such presumption. In a case originating prior to the enactment of section 1945 of the Civil Code, relating to the presumption arising from the possession of the tenant and the receipt of rent by the lessor after the expiration of the term of a lease, the parties to a lease for years had a conversation about the future occupation of the premises, after the end of the term, but no other lease was executed. The tenant continued in possession, paying the same rent as before. He testified that he "refused to make a new lease." The court instructed the jury that if they found the facts as stated herein the lessee became a tenant from year to year. In reversing the judgment the Supreme Court said: "We think that the conversation of the parties, had after the expiration of the lease for years, and their disagreement as to the term during which the defendant was thereafter to remain, should have gone to the jury for the purpose of ascertaining how or for what term the tenant was thereafter to hold. . . . If, as here, the evidence offered on the part of the defendant went to show that he had expressly refused to accept a term of one year, that fact would tend to overthrow and destroy the mere presumption drawn from the subsequent payment of rent—that he was to continue to hold thereafter for the space of one year." (*Skaggs* v.

*Elkus*, 45 Cal. 154, 160; Underhill on Landlord and Tenant, sec. 98; 35 C. J. 1031.)

In construing a statute relating to leases of agricultural lands, similar to the provisions of section 1161 upon which appellants rely, it is said: "The meaning of that article is simply this: That, if both parties to the lease remain silent and inactive for the space of one month after the expiration of the lease, they shall both be presumed to have acquiesced in, and tacitly consented to, a renewal of the lease for another year. It has no application whatever when either party has clearly announced his intention *not to renew* the lease on the same terms or for a full year, for the purpose of the law is not *to force* a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or presumption, as to their intention in the premises." (*Ashton Realty Co.* v. *Prowell*, 165 La. 328 [115 South. 579].)

After a landlord has expressly refused to renew a lease and has refused to accept rent tendered at the expiration of the term thereof to be applied on a new term, it certainly cannot be held, as a matter of law, that the tenant is thereafter, in the language of section 1161, "holding by permission of the landlord."

Rehearing denied.