Filed 5/5/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| 65283 TWO BUNCH PALMS BUILDING LLC, | |
| Plaintiff and Respondent, | E076654 |
| | (Super.Ct.No. UDPS2000009) |
| v. | OPINION |
| COASTAL HARVEST II, LLC, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Candice Garcia-Rodrigo, Judge. Affirmed.

John Armstrong for Defendant and Appellant.

Law Offices of Sheldon J. Fleming and Sheldon J. Fleming for Plaintiff and Respondent.

Plaintiff 65282 Two Bunch Palms Building LLC, (Two Bunch) orally leased an industrial building in Desert Hot Springs to Coastal Harvest II, LLC, (Coastal Harvest) for the indoor cultivation of cannabis. When, after two years of negotiations, the parties

1

were unable to agree to a written lease and a master service agreement, Two Bunch served Coastal Harvest with a 30-day notice to quit. Coastal Harvest refused to vacate the property, so Two Bunch instituted this unlawful detainer action. After a one-day trial, the trial court entered a judgment of possession for Two Bunch and awarded it $180,000.13 in holdover damages.

In the trial court, Coastal Harvest unsuccessfully argued it operated a licensed cannabis operation on the property and, therefore, it could not be evicted because it was entitled to the presumption under Civil Code section 1943 of a one-year tenancy for "agricultural . . . purposes" and the presumption of a one-year holdover tenancy for use of "agricultural lands" under Code of Civil Procedure section 1161, subdivision 2. Assuming without deciding that Coastal Harvest's cannabis operation constituted agriculture, Two Bunch rebutted the presumption under Civil Code section 1943 with evidence that the parties agreed that, unless they signed a written lease, the term of the oral lease was month-to-month. And, because this unlawful detainer action was not filed for failure to pay rent, Code of Civil Procedure section 1161, subdivision 2, and its holdover presumption for "agricultural" tenants simply do not apply. We affirm.

I.

FACTS AND PROCEDURAL BACKGROUND

In its unlawful detainer complaint, Two Bunch alleged it leased the property to Coastal Harvest under an oral lease agreement, and that at all times the lease was month-to-month and capable of being terminated at any time by either party. Two Bunch alleged that on October 1, 2020, it served Coastal Harvest with a 30-day notice to quit the

2

property by November 2, but Coastal Harvest refused to vacate the property and remained in its possession. In its answer, Coastal Harvest alleged it could not be evicted because it was in lawful possession of the property under the presumption of a one-year tenancy for "agricultural . . . purposes" under Civil Code section 1943 and/or under a presumption of a one-year holdover tenancy for use of "agricultural lands" pursuant to Code of Civil Procedure section 1161, subdivision 2.

At trial, Two Bunch introduced evidence that for more than two years the parties negotiated a written lease of the property and a master service agreement (MSA) "to enable [Coastal Harvest] to operate a California licensed cannabis cultivation facility at [Two Bunch's] premises for the purposes of growing cannabis to be sold to other California licensed cannabis businesses." Pursuant to an oral lease, Coastal Harvest took possession of the property in October 2018, began operating its cannabis cultivation, and timely paid monthly rent. The property was a large industrial building with wooden floors surrounded by an asphalt parking lot, and Coastal Harvest grew cannabis inside "potting cubes" that could be moved around the building, not in the ground. While the negotiations for the written lease and MSA were ongoing, the tenancy was to be month-to-month. The written lease and MSA were never signed. An attorney for Two Bunch testified that, during the negotiations, he informed Coastal Harvest that the oral lease was month to month and that, unless the parties could agree and sign a written lease and MSA, the oral lease would be terminated.

Coastal Harvest introduced evidence that the written lease being negotiated by the parties contemplated a minimum three-year term, that Two Bunch orally represented that

Harvest could use the property for at least three years, but that the written lease was never signed.

Coastal Harvest moved for a defense judgment, arguing it was entitled to continue possessing the property pursuant to the rebuttable presumptions of one-year tenancies under Civil Code section 1943 and Code Civil Procedure section 1161, subdivision 2. The trial court denied the motion. The trial court found Coastal Harvest had failed to rebut the *general* presumption under Civil Code section 1943 that an oral lease is month-to-month. In addition, the trial court found that Coastal Harvest's cannabis operation was not an "agricultural use of land" because it did not grow the cannabis in the ground, and, therefore, the presumptions for agricultural tenants under Civil Code section 1943 and Code of Civil Procedure section 1161, subdivision 2, did not apply.

The trial court entered a judgment of possession for Two Bunch and awarded it $182,000.13 in damages. Coastal Harvest timely appealed.[1]

---

[1] On March 15, 2023, Coastal Harvest moved to dismiss its appeal. Two Bunch filed an opposition the next day. We denied the request to dismiss on March 22. Once the record has been filed, "[a]n appellant may not dismiss an appeal as a matter of right, and we have discretion not to dismiss the appeal." (*Jackpot Harvesting, Inc. v. Applied Underwriters, Inc.* (2019) 33 Cal.App.5th 719, 728, fn. 10; see Cal. Rules of Court, rule 8.244(c)(2) ["[T]he court may dismiss the appeal"].)

By the time Coastal Harvest filed its motion to dismiss, this court had already completed its review and issued a tentative decision, which was unfavorable to Coastal Harvest and was provisionally certified for publication. Appellate courts are disinclined to grant such an "11th hour" request to dismiss an appeal. (*Aviles v. Swearingen* (2017) 16 Cal.App.5th 485, 488, fn. 2; see *Brown v. Wells Fargo Bank, NA* (2012) 204 Cal.App.4th 1353, 1357; *National Coach Corp. v. State Bd. of Control* (1982) 137 Cal.App.3d 750, 753.) We may deny a request to dismiss an appeal when, as here, the case has been fully briefed and raises important issues that warrant an opinion. (*Greb v. Diamond Internat. Corp.* (2013) 56 Cal.4th 243, 247, fn. 3; *McMillin Homes*

*[footnote continued on next page]*

II.

DISCUSSION

*A.    Applicable Law and Standard of Review.*

"The Unlawful Detainer Act governs the procedure for landlords and tenants to resolve disputes about who has the right to possess real property." (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394 (*Stancil*).)  An action for unlawful detainer is a summary proceeding. (*Barela v. Superior Court* (1981) 30 Cal.3d 244, 249.)  "'The statutory scheme is intended and designed to provide an expeditious remedy for the recovery of possession of real property.  [Citation.]  Unlawful detainer actions are, accordingly, of limited scope, generally dealing only with the issue of right to possession and not other claims between the parties, even if related to the property.'" (*Coyne v. De Leo* (2018) 26 Cal.App.5th 801, 805.)

"A plaintiff may file an unlawful detainer complaint under certain circumstances detailed in [Code of Civil Procedure] section 1161.  [Citation.]  Section 1161 specifies a tenant of real property is guilty of unlawful detainer only in specific circumstances, where the tenant:  fails to vacate after their termination as an employee, agent, or licensee (§ 1161, subd. 1; [citation]); is in default for nonpayment of rent (§ 1161, subd. 2; [citation]); breaches a material term of the lease (§ 1161, subd. 3; [citation]); commits

_____

*Construction, Inc. v. National Fire & Marine Ins. Co.* (2019) 35 Cal.App.5th 1042, 1047, fn. 1; *Lennar Homes of California, Inc. v. Stephens* (2014) 232 Cal.App.4th 673, 677, fn. 2.)  And, appellate courts are generally loath to dismiss an appeal when it appears the dismissal is calculated to derail the creation of unfavorable precedent. (See *Lucich v. City of Oakland* (1993) 19 Cal.App.4th 494, 501-503; 9 Witkin, Cal. Procedure (6th ed. 2021) Appeal, § 764, pp. 785-788.)

waste, allows a nuisance on the premises, or uses the premises for an unlawful purpose (§ 1161, subd. 4; [citation]); or fails to deliver possession to the landlord after having given written notice of their intention to terminate (§ 1161, subd. 5). For a complaint to sound in unlawful detainer, it must allege the tenant is guilty of unlawful detainer under section 1161." (*Stancil*, *supra*, 11 Cal.5th at p. 395.)

"In an appeal from an unlawful detainer judgment, '"[w]e review the trial court's findings of fact to determine whether they are supported by substantial evidence."'" (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425 (*Palm Property Investments*.) "Under the substantial evidence standard of review, 'we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted, in support of the judgment. Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn. . . . [Citations.]' [Citation.]" To be substantial, the evidence must be of ponderable legal significance, reasonable in nature, credible, and of solid value. [Citations.] However, substantial evidence is not synonymous with *any* evidence. [Citations.] 'The ultimate

6

test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record.'" (*ASP Properties Group*, *L.P. v. Fard*, *Inc*. (2005) 133 Cal.App.4th 1257, 1266.) "'"'To the extent the trial court drew conclusions of law based upon its findings of fact, we review those conclusions of law de novo."'"" (*Palm Property Investments*, at pp. 1425-1426.)

As in all appeals, we must presume the unlawful detainer judgment is correct, indulge all intendments and presumptions in favor of the trial court, and only reverse if the appellant meets its burden of establishing prejudicial error. (*Hall v. Municipal Court* (1974) 10 Cal.3d 641, 643; *Taylor v. Nu Digital Marketing*, *Inc.* (2016) 245 Cal.App.4th 283, 287-288.) We review the result in the unlawful detainer action, not the trial court's reasons. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 101 Cal.App.4th 1317, 1325.) The judgment must be affirmed if it is correct on any legal basis. (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100 ["'There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.'"].)

B.      *The Trial Court Correctly Entered Judgment for Two Bunch.*

Coastal Harvest argues its licensed cannabis operation constituted agriculture and, therefore, the trial court erred by not applying the presumption of a one-year term under Civil Code section 1943 and/or the presumption of a one-year holdover term under Code of Civil Procedure section 1161, subdivision 2. We are not persuaded.

Civil Code section 1943 provides: "A hiring of real property, other than lodgings and dwelling-houses, in places where there is no custom or usage on the subject, is presumed to be a month to month tenancy unless otherwise designated in writing; except

7

that, in the case of real property used for *agricultural or grazing purposes* a hiring is presumed to be for one year from its commencement unless otherwise expressed in the hiring."[2]  (Italics added.)  Inter alia, a tenant is guilty of unlawful detainer under Code of Civil Procedure section 1161, subdivision 2, if they "continue[] in possession, . . . without the permission of the landlord, . . . after default in the payment of rent," and they have been properly served with a three-day notice to pay rent or quit.  (See *Palm Property Investments*, *supra*, 194 Cal.App.4th at p. 1425.)  The second paragraph provides, in part:  "In all cases of tenancy upon *agricultural lands*, if the tenant has held over and retained possession for more than 60 days after the expiration of the term without any demand of possession or notice to quit by the landlord or the successor in estate of the landlord, if applicable, the tenant shall be deemed to be holding by permission of the landlord or successor in estate of the landlord, if applicable, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during that year, and the holding over for that period shall be taken and construed as a consent on the part of a tenant to hold for another year."  (Code Civ. Proc., § 1161, subd. 2, italics added.)

---

[2]  Civil Code section 1945, which the trial court did not address but the parties mention in their briefs, provides:  "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month when the rent is payable monthly, nor in any case one year."  The presumption of renewal under section 1945 is rebuttable, for example, by evidence that the parties entered into a new agreement.  (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 820; *Miller v. Stults* (1956) 143 Cal.App.2d 592, 598-600; *Black v. Black* (1926) 77 Cal.App. 82, 85-86.)

As noted, *ante*, the trial court ruled Coastal Harvest failed to rebut the general presumption under Civil Code section 1943 that the oral lease was month-to-month. And, citing *Fraenkel v. Bank of America Nat'l Trust & Sav. Assoc.* (1953) 40 Cal.2d 845, 850, the trial court ruled that growing cannabis in moveable pots within a wooden floor warehouse was not "agricultural use" because Coastal Harvest was not "cultivating the ground." Therefore, the court found the presumptions for "agriculture" use and lands in Civil Code section 1943 and Code of Civil Procedure section 1161, subdivision 2, did not apply. We need not decide here whether Coastal Harvest was engaged in the business of agriculture.

For purposes of Civil Code section 1943, "the intention of the parties is the controlling factor" (*Aaker v. Smith* (1948) 87 Cal.App.2d 36, 42), and evidence the parties agreed to a longer term will rebut the general presumption of a month-to-month term for an oral lease. (*Brill v. Carsley* (1905) 2 Cal.App. 331, 333-334.) Likewise, evidence the parties agreed orally to a term of less than one year may rebut the presumption of a one-year lease for agricultural land.[3] (*Pierce v. Walker* (1933) 129 Cal.App. 228, 230-231.) The record contains substantial evidence that, while the negotiations for a written lease were ongoing, the parties mutually understood the *oral* lease was for a month-to-month term and that it would be terminated unless the written lease was eventually signed. Therefore, the trial court correctly ruled that Coastal

---

[3] Similarly, the presumption under Code of Civil Procedure section 1161, subdivision 2, of a one-year holdover term for an agricultural tenant is rebuttable. (*Cowell v. Snyder* (1915) 171 Cal. 291, 295; *Ambrose v. Hyde* (1904) 145 Cal. 555, 557; *Swithenbank v. Wood* (1929) 99 Cal.App. 341, 344.)

9

Harvest did not rebut the general presumption of a month-to-month lease under Civil Code section 1943. And, assuming, without deciding, that Coastal Harvest's cannabis operation was an "agricultural" use of the property, which triggered the presumption of a one-year tenancy under section 1943, the same evidence demonstrates Two Bunch rebutted the presumption.

As for Code of Civil Procedure section 1161, on its face subdivision 2—including the presumed holdover term for "agricultural" tenants—only applies when the unlawful detainer action is instituted "after default in the payment of rent." (See, e.g., *Stancil*, *supra*, 11 Cal.5th at p. 395; *Colyear v. Tobriner* (1936) 7 Cal.2d 735, 742; *Losornio v. Motta* (1998) 67 Cal.App.4th 110, 113; *Saberi v. Bakhtiari* (1985) 169 Cal.App.3d 509, 513-514; *Julien v. Gossner* (1951) 103 Cal.App.2d 338, 343-344; *Bawa v. Terhune* (2019) 33 Cal.App.5th Supp. 1, 5-6.) As noted, *ante*, in the complaint, Two Bunch alleged: (1) the oral lease was month-to-month, capable of being terminated at any time by either party; (2) on October 1, 2020, it served Coastal Harvest with a 30-day notice to quit the property by November 2; and (3) Coastal Harvest ignored this demand and remained in possession of the property as a holdover tenant. Two Bunch *did not* allege Coastal Harvest had failed to pay rent upon demand. In its answer, Coastal Harvest alleged it had "at all times paid rent monthly since April 1, 2019." And, at trial, Two Bunch's chief executive officer expressly testified Coastal Harvest "had always paid its rent each month before it was served with a 30-day Notice to Quit." Because this unlawful detainer action has never been about Coastal Harvest's failure to pay rent, we

10

hold that Code of Civil Procedure section 1161, subdivision 2, simply has no application here.

III.

DISPOSITION

The judgment is affirmed. Plaintiff shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

CERTIFIED FOR PUBLICATION

McKINSTER          
J.

We concur:

RAMIREZ        
P. J.

RAPHAEL        
J.