[Civ. No. 8751. First Appellate District, Division One.—January 26, 1933.]

HORACE F. PIERCE, Respondent, v. ERNEST WALTER, Appellant.

Victor J. Miller and W. H. Finley for Appellant.

Blackstock & Rogers for Respondent.

KNIGHT, J.—In this action to recover possession of certain farming property, plaintiff, the owner of the property, obtained judgment and the defendant Walter appeals.

The complaint was in the usual form, alleging plaintiff's ownership of and right of possession to the property, and that defendant was in the unlawful possession thereof. The answer consisted merely of denials of the allegations of the complaint, except as to plaintiff's ownership, which was admitted. ██ The controversy arose over the fact that the written lease under which defendant went into possession of the property contained no provision fixing the term of the tenancy. It was based on a crop rental, and the two main provisions relating thereto were substantially in the same form, one of them being as follows: " . . . that the said lessors shall receive one-fourth of all the produce and

products of said farm the first year and one-third of all the produce and products thereafter of said farm whether the same be beans or alfalfa or any other crop." Defendant claimed at the trial, however, that an oral agreement had been entered into at the time the lease was executed to the effect that his tenancy was to continue three years, and he sought to introduce testimony to that effect. Plaintiff objected thereto on numerous grounds, among them being that the terms of the lease presented no ambiguity or imperfection and that therefore the testimony offered tended to vary and contradict the terms of the written lease; also that testimony concerning any such oral agreement was inadmissible because the question of the asserted imperfection in the lease was not put in issue by defendant's answer, which, as stated, consisted merely of denials of the alleged right of possession of plaintiff and the alleged unlawful possession by defendant. In support of his objections plaintiff cited subdivision 2 of section 1856 of the Code of Civil Procedure. However, said objections were overruled and thereupon evidence was adduced upon the issue, consisting of the testimony given by the defendant and the plaintiff. Such testimony was in sharp conflict, and the court found therefrom, as claimed by plaintiff, that the oral agreement was that the lease was to run for one year only, and that consequently defendant's tenancy expired on October 9, 1930. The record discloses that plaintiff's testimony is amply sufficient to sustain such finding. He stated in substance not only that it was agreed that the lease was to run for only one year, but that in July, 1930, during one of his several visits to the farm, he had a conversation with defendant in which he told defendant that he was dissatisfied with the manner in which defendant failed to comply with certain provisions of the lease relating to caring for and cultivating the farm, much of which had been planted to young walnut trees by plaintiff, and that during said conversation and in response to a direct inquiry made by defendant he told defendant that the lease would not be renewed for another year, and that defendant must vacate at the end of his present term, which defendant agreed to do; furthermore, that at the end of said term defendant promised to vacate in two weeks, if given such time; that the same was granted, but defendant failed

to keep his promise. The trial court's finding as to the term of the lease is also supported by the presumption created by section 1943 of the Civil Code to the effect that a hiring of real property, other than lodging and dwelling houses, in places where there is no custom on the subject, is presumed to be for one year from its commencement, unless otherwise expressed in the hiring. It is evident, therefore, in view of plaintiff's positive testimony upon the subject and the presumption created by said code section, that the finding of the trial court relating to the term of defendant's tenancy under said lease is binding on the appeal.

Relying on the provisions of section 1946 of the Civil Code, defendant further contends that in any event he was entitled to remain another year because plaintiff failed to serve upon him within the time required by said code section any written notice of termination of tenancy. An examination of the provisions of said code section clearly shows, however, that the same is restricted in its operation to ''A hiring of real property, for a term not specified by the parties . . . '', and in the present case, as already pointed out, the evidence shows and the trial court found that the term was specified by the parties, the only dispute being as to the extent of the term.  Nor can defendant claim the benefit of the provisions of subdivision 2 of section 1161 of the Code of Civil Procedure because admittedly the written demand for possession required to be given by said section in case of agricultural lands was served within sixty days after the expiration of the one-year term.

The remaining points made by appellant are incidental to those already discussed, and therefore do not require special mention, more than to say that there is no merit therein.

No grounds for reversal appearing, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.